[Civ. No. 4009. Fourth Dist. Feb. 24, 1950.]

THE PEOPLE, Respondent, v. POLICE COURT OF THE CITY OF FRESNO, etc., Appellant.

C. M. Ozias and Breckenridge Thomas for Appellant.

James M. Thuesen, District Attorney, Dan B. Eymann and Richard E. Shepard, Deputy District Attorneys, for Respondent.

BARNARD, P. J.—This is an appeal from a judgment ordering the issuance of a peremptory writ of mandate.

In an action in the respondent court, which has the same jurisdiction as a Class A Justice's court, one J. H. McMillan was charged in separate counts with violating sections 17043 and 17044 of the Business and Professions Code (Unfair Practices Act). The trial lasted four days and the jury brought in a verdict finding the defendant guilty. The judge read the verdict, but before anything else was done defendant's counsel called the court's attention to section 1161 of the Penal Code. The judge suggested a polling of the jury, defendant's counsel expressed doubt as to whether this should be done, the district attorney said nothing, and the jury was not polled. The judge then stated that the evidence was not sufficient to prove the specific intent required by law, or any injury to a competitor, two of the three basic requirements. Giving this as a reason, he expressed the opinion that the jury had mistaken the law. He then stated that in order to return a fair verdict in the case "you should collectively reconsider the evidence with respect to those two factors," and instructed them "to again deliberate the matter." He then asked whether the jury desired to go to dinner before continuing its deliberations. The district attorney

then started to speak saying "I am a little confused——". The court then stated that he wanted no further argument at that time, and asked the jury to give an expression as to whether they wanted to go to dinner. A recess was then taken for dinner. When court reconvened the judge stated that the bailiff had informed him that the jury desired further instructions with respect to the law, and asked whether it desired to have all the instructions repeated or to have instructions with respect to any special problem. The foreman asked a question which the court answered, after which several other jurors asked questions and a number of further instructions were given by the court. The jury then retired and later reported that it was unable to agree upon a verdict. The court asked if it was desired to have the jury polled, each side replied in the negative, and the court discharged the jury.

A petition was later filed in the superior court, by the People, praying for a writ of mandate commanding the respondent court to enter on its minutes and records the verdict of guilty which was originally brought in by the jury. The only evidence produced at the hearing was the reporter's transcript of the proceedings, in the other action, after the arguments of counsel had closed. The court found that the allegations of the petition were true and entered a judgment ordering a peremptory writ to issue requiring the respondent court to enter the verdict of guilty on its minutes. From this judgment, the respondent police court has appealed.

In support of the judgment the petitioner contends that section 1161 of the Penal Code has no application to justice or police court proceedings; that this section was not properly applied under the circumstances of this case; and that mandamus is a proper remedy since petitioner had a clear right to have the verdict entered and the respondent court abused its discretion in failing to have it entered.

The reasons assigned for the contention that section 1161 is never applicable in justice or police court proceedings are not too convincing. However, it is not necessary to decide that point here. We are inclined to agree with the contention that section 1161 was not properly applied in the action here in question. In his original instructions, which were lengthy and confusing, the judge had strongly and repeatedly intimated that the evidence was not sufficient in several respects to justify a verdict of guilty. However, he did not advise the jury to acquit, but left these matters to the jury as questions of fact. When the jury returned with the verdict of

guilty the judge explained, as his reason for believing that it had mistaken the law, that he considered the evidence insufficient to establish two of the three essential elements of the crime. In thus explaining the reason for his action the judge disclosed that it appeared to him that the jury had mistaken the facts rather than mistaken the law. Having previously erred in submitting such questions to the jury under those circumstances, he should not have attempted to correct his own error by resorting to section 1161. In the situation as it then existed, he should have caused the verdict to be entered and later granted a new trial.

It does not necessarily follow, however, that he may or should be compelled to now enter that verdict, thus enabling a new trial to be granted, and placing the cause in the same position it was in before this application for a writ was made.

█ Assuming that the court erred in thus applying section 1161, this constituted judicial error rather than an abuse of discretion. While it is contended that the court acted wrongly, it clearly appears that it did act, and the case was allowed to proceed without any serious attempt to object to the procedure adopted. While there may have been error no lack of jurisdiction appears. And the People were not left without a remedy by the result, as the case was not closed but was left open for a new trial.

█ Moreover, proper steps were not taken at the time to make sure that the verdict was a proper one and one which should have been entered. No request was ever made by the district attorney that the verdict be entered, or that steps be taken to determine whether it should be entered. While the court called attention to the matter, before acting on the request of the defendant to apply section 1161, the district attorney at no time asked to have the jury polled or to have it ascertained that each member of the jury had agreed to the verdict. All that the record shows is that when the jury returned into court the foreman stated that it had arrived at a verdict, whereupon the judge read a verdict purporting to find the defendant guilty on the respective counts. The jury was not asked whether or not this was its verdict, it was not polled, and no attempt was made to ascertain whether or not all of the jurors had agreed to the purported verdict as read. This is a matter that could not now be corrected, the jury having long since been discharged, and the parties could not now be placed in the same position as when the error occurred. It would be an injustice, under these cir-

cumstances, to order the earlier verdict entered without any of the usual safeguards.

It further appears that it would be an idle act to now compel the entry of this verdict, if that could legally be done. If that were done a new trial could be granted, and the record indicates beyond doubt that this should and would be done. That is the exact situation that existed when the jury disagreed and was discharged, and with which the petitioner was not satisfied.

We conclude, on the record before us, that the trial court erred in ordering a peremptory writ of mandate to be issued requiring the respondent court to enter a verdict of guilty on its minutes and records.

The judgment is reversed.

Griffin, J., and Mussell, J., concurred.