[Civ. No. 20329. Second Dist., Div. One. Nov. 30, 1954.]

REFUGIO HERNANDEZ HIDALGO, Respondent, v. THE MUNICIPAL COURT OF THE SANTA BARBARA JUDICIAL DISTRICT et al., Appellants.

Vern B. Thomas, District Attorney, and Albert W. Meloling, Deputy District Attorney, for Appellants.

W. P. Butcher and James M. DeLoreto for Respondent.

WHITE, P. J.—This is an appeal from a judgment of the Superior Court of Santa Barbara County, directing the issuance of a peremptory writ of mandate commanding the Municipal Court of Santa Barbara Judicial District, Honorable Frank P. Kearney, Judge of said court, and John D. Hossack, official reporter thereof, to prepare a clerk's and reporter's transcript on appeal in a certain action entitled, "People of the State of California, Plaintiff, vs. Refugio Hernandez Hidalgo, also known as Refugio Hernandez, Defendant."

The question presented is whether, under the law, a defendant appealing from a judgment of conviction in the municipal court is entitled to the clerk's and reporter's transcript at the expense of the county in which said court is situated.

On January 21, 1954, in the above named municipal court, respondent herein was found guilty on three counts of petty theft, a misdemeanor. At the commencement of the trial the judge of said court duly appointed appellant John D. Hossack to take down in shorthand the proceedings, evidence, arguments and testimony received at said trial.

From the aforesaid judgment of conviction respondent duly perfected her appeal to the Superior Court of Santa Barbara County and with her notice of appeal, requested a clerk's and reporter's transcript of the proceedings. Such request was denied by the judge of the municipal court on the ground that the appellant in said action should bear the costs of said transcripts on appeal. Thereupon, appellant sought and secured from the Superior Court in and for the County of Santa Barbara a peremptory writ of mandate. From the judgment directing the issuance of said writ this appeal was taken.

Had respondent herein been convicted in the superior court of a felony there is no doubt of her right to a transcript of the evidence at the expense of the state (*People* v. *Smith,* 34 Cal.2d 449 [211 P.2d 561]). Appellants herein earnestly contend that the statutes and rules on appeal applicable to appeals in felony cases are not controlling in appeals taken from a misdemeanor conviction in a municipal or other inferior court. The question here presented is one of first impression and must depend for solution upon a construction of the statutes and rules on appeal promulgated by the Judicial Council pursuant to the rule-making power vested in it by the Constitution in 1927 (Const., art. VI, § 1a, adopted in 1926, Stats. 1927, p. 1048).

Section 1247k of the Penal Code confers upon the Judicial Council: ". . . the power to prescribe by rules for the practice and procedure on appeal, and for the time and manner in which the records on such appeals shall be made up and filed, in all criminal cases in all courts of this State. . . ."

Section 274c of the Code of Civil Procedure provides for the appointment of reporters in municipal courts and with reference to their duties the section provides in part that, "Such reporters, or any of them, must, at the request of either party or of the court in a civil proceeding, *or on the order of the court in a criminal action or proceeding,* take down in shorthand all the testimony, the objections made, the rulings of the court, the exceptions taken, all arraign-

ments, pleas and sentences of defendants in criminal cases, the arguments of the prosecuting attorney to the jury, and all statements and remarks made and oral instructions given by the judge; *and if directed by the court, or requested by either party, must, within such reasonable time after the trial of such case as the court may designate, write out the same, or such specific portions thereof as may be requested,* in plain and legible longhand, or by typewriter, or other printing machine, and certify to the same as being correctly reported and transcribed, and when directed by the court, file the same with the clerk of the court." (Emphasis added.)

With reference to the payment of reporter's fees we find in Government Code, section 69952, the following language: "In criminal cases *in which the court specifically so directs,* the fee for reporting and for a transcript ordered by the court to be made shall be paid out of the county treasury on the order of the court, . . ." (Emphasis added.)

From a reading of section 274c of the Code of Civil Procedure, it is manifest that the presence of an official court reporter in a criminal proceeding in the municipal court is dependent upon the discretion of the judge thereof. And should the judge order the presence of a reporter, the matter of transcribing the proceedings had during such a proceeding is dependent upon the request of the court or of either party to the action. With reference to payment of the reporter for such transcription, Government Code, section 69952, would seem to indicate a legislative intent to make such payment a charge against the county only in cases where the court specifically so directs that such transcript be made.

In the cases of *People* v. *Smith, supra,* and *In re Paiva,* 31 Cal.2d 503 [190 P.2d 604], cited by both appellants and respondent herein, the Supreme Court was concerned with appeals from felony convictions which involved an interpretation of section 274 of the Code of Civil Procedure. That this section is applicable to appeals from the superior court is made manifest by the fact that the Legislature adopted section 274c of the same code governing the appointment, duties and fees for reporters in municipal courts, and the answer to the question here presented to us must depend, among other considerations, upon a construction of the last-named code section. From a reading thereof it would appear that whether a reporter be present in a criminal proceeding rests in the discretion of the court, that whether a transcrip-

tion of a duly appointed reporter's notes be made is also committed to the discretion of the municipal court judge, and, that the preparation of such transcript becomes a charge against the county only when an order for its preparation is made by the judge.

Insofar as the Judicial Council Rules on Appeal are concerned, it is evident that in the Smith and Paiva cases, *supra,* the Supreme Court had under consideration rules 33a, 33b, and 35b of Rules on Appeal. That these rules apply to appeals in criminal proceedings originating in the superior court would seem to be indicated by the fact that the Judicial Council in the exercise of its authority has adopted specific rules on appeal for the municipal and inferior courts (26 Cal.2d 25, as amended and reported in 29 Cal.2d 1). An examination of the rules applicable to the superior courts and the rules applicable to appeals from the municipal and inferior courts reveal basic differences therein. For example, rule 33b, which formed one of the grounds for the decision in *People* v. *Smith, supra,* provides as follows:

"Rule 33(b) (3). To be transmitted as originals: Any exhibits admitted in evidence or rejected.

"If the appellant desires such additional record he shall file with his notice of appeal an application describing the material which he desires to have included and the points on which he intends to rely which make it proper to include it. *The clerk shall immediately present the request to the judge and notify the reporter.* Except as to instructions given, which shall be included in the record if the defendant urges error as hereinabove provided, the judge, within 3 days after the filing of such application, shall make an order directing the inclusion in the record of as much of the additional material as, in his opinion, may be proper to present fairly and fully the points relied on by appellant in his application. *If the judge fails to make any order within 3 days after the application is filed, the material requested, with the exception of exhibits, shall be included in the clerk's and reporter's transcripts without such an order."* (Emphasis added.)

An examination of the Rules on Appeal from the municipal courts reveals that there is no provision for the preparation of the transcript by the reporter if the judge fails to make an order therefor, as provided in rule 33b of the Rules on Appeal, *supra.*

The Rules on Appeal from the Municipal and Inferior Courts

do not provide for notice to the reporter; they do not provide that the reporter's transcript must be a part of the normal record on appeal (rule 3); they do not provide that the reporter shall file his transcript within a certain time.

Furthermore, in the municipal courts an accused is afforded an alternative to an appeal on the reporter's transcript, and that is by way of a settled statement (rule 4 and 7, Rules on Appeal in Municipal Courts and Inferior Courts in Criminal Cases). Under these rules the appellant in a municipal court proceeding may prepare a statement setting forth the grounds of his appeal and so much of the evidence and other proceedings as are necessary for a decision upon the grounds so advanced.

The existing differences in the rules applicable to superior courts and those provided for municipal and inferior courts immediately suggests that the Judicial Council intended that in felony cases persons convicted should be entitled, as a matter of right, to a reporter's transcript on appeal at the expense of the state, while in misdemeanor cases the county should not be charged with the expense of such a transcript unless so ordered by the trial court as evidenced by section 274c of the Code of Civil Procedure.

We do not regard it as within our province, under the guise of judicial interpretation, to write into a statute or Judicial Council rule, a right or privilege that would do violence to the manifest intent of the framers thereof. Had the Legislature or the Judicial Council intended to give to an appellant in the municipal court the same rights to a transcript as are given to an appellant in a felony case in the superior court, there would have been no sound reason for establishing a different procedure and rules in that regard affecting appeals taken from such respective courts.

Respondent's contention that once the municipal court judge has exercised his discretion and ordered a reporter to report the proceedings, the right of a convicted defendant to a transcript on appeal is automatic cannot be sustained. The same discretion that makes the presence of a reporter in a municipal court proceeding subject to a court order, is conferred upon the judge in relation to the preparation of a transcript. While, as respondent contends, the Judicial Council has not established any rule which denies an appellant in a municipal court this right, neither has it by rule, conferred this right upon him as it has done in felony cases, wherein an appellant has no alternative method of appeal

by filing a statement on appeal as he has when convicted of a misdemeanor in the municipal court.

For the foregoing reasons, the judgment from which this appeal was taken is reversed.

Doran, J., and Drapeau, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 26, 1955. Carter, J., was of the opinion that the petition should be granted.