[S. F. No. 19780. In Bank. June 4, 1958.]

M. M. KOEHN, Petitioner and Respondent, v. STATE BOARD OF EQUALIZATION et al., Defendants and Respondents; THE ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Appellant; E. L. LEDGER, Real Party in Interest.

Edsel W. Haws, Senior Counsel, for Appellant.

Willard S. Johnston, George H. Johnston, Benjamin H. Parkinson, Jr., Johnston & Johnston, Dodge & Evans and Robert P. Brorby as Amici Curiae on behalf of Appellant.

Edmund G. Brown, Attorney General, E. G. Funke, Assistant Attorney General, Charles A. Barrett and Wiley W. Manuel, Deputy Attorneys General, and Albert G. Evans for Respondents.

Dodge & Evans and Robert P. Brorby for Real Party in Interest.

SHENK, J.—The respondents have moved to dismiss the appeal taken by the Alcoholic Beverage Control Appeals Board on the ground that the appeals board is not an aggrieved party within the meaning of section 938 of the Code of Civil Procedure and is not entitled to appeal.[1]

On August 20, 1953, the State Board of Equalization dismissed an accusation filed by M. M. Koehn against E. L. Ledger, the holder of certain liquor licenses, and directed that the order become effective on September 21. Koehn filed a petition for reconsideration, and thereafter the state board postponed the effective date of its decision to October 13. A reconsideration was granted on October 8, and after further proceedings the state board in December 1954 ordered that

---

[1] Section 938 of the Code of Civil Procedure provides in part: "Any party aggrieved may appeal in the cases prescribed in this title." The reference is to title XIII which deals with appeals in civil actions.

Ledger's licenses be suspended indefinitely. Ledger appealed to the appeals board, which set aside the order of suspension on the theory that the state board did not have jurisdiction to grant a reconsideration in October 1953 because of failure to act within the times specified in sections 11519 and 11521 of the Government Code.. Thereafter Koehn, acting pursuant to section 1094.5 of the Code of Civil Procedure, filed a petition in the superior court seeking a writ of mandate against the state board, the appeals board and others, to compel the appeals board to vacate its decision setting aside the order of suspension. In the meantime, the Department of Alcoholic Beverage Control had become the successor of the state board with reference to matters relating to alcoholic beverage control. (Const., art. XX, § 22; Bus. & Prof. Code, § 23051.)

An alternative writ was issued and directed to the state board, the department, its director, and the appeals board, commanding them to revoke Ledger's license and vacate the order setting aside the order of indefinite suspension, or show cause why they had not done so. The appeals board in its answer alleged facts in justification of its action in setting aside the decision of the state board and raised questions which involved the jurisdiction of the appeals board in matters wherein the action of the department was claimed to have become final. The state board and the department and its director joined forces with the petitioner and prayed that the appeals board be compelled to set aside its decision and order. They charged that the action of the appeals board was "arbitrary and capricious and constituted a prejudicial abuse of discretion in that the State Board of Equalization did have jurisdiction to grant reconsideration on October 8, 1953. . . ." The superior court made findings of fact and conclusions of law and held, among other things, that the action of the appeals board, in deciding that the state board was without jurisdiction to grant reconsideration, was unlawful, improper and in error as a matter of law, and that the appeals board's order setting aside the suspension of Ledger's licenses was not justified or sustained by the evidence or record before it and was contrary to law. The ensuing judgment ordered the issuance of a writ of mandate commanding the appeals board to set aside its decision and to proceed to determine any issues and questions left undecided on the appeal from the state board's order of suspension.

The appeals board then took this appeal from the judgment

of the superior court, and the state board and the department have made this motion to dismiss.

■ The policy of the law is to recognize a right to review the judgment of a lower court if not prohibited by law. The "right of appeal is remedial, and in doubtful cases the doubt should be resolved in favor of the right whenever the substantial interests of a party are affected by a judgment." (*People* v. *Bank of San Luis Obispo,* 152 Cal. 261, 264 [92 P. 481]; see also *Santa Barbara etc. Agency* v. *All Persons,* 47 Cal.2d 699, 712 [306 P.2d 875]; *Manning* v. *Gavin,* 14 Cal.2d 44, 46 [92 P.2d 795].)

■ Under section 938 of the Code of Civil Procedure any party aggrieved may appeal in a proper case. ■ Where the jurisdiction of a tribunal is involved, and the granting of a writ directed to the tribunal would have the effect of controlling or limiting that jurisdiction, the tribunal is an aggrieved party and entitled to appeal. (*Mendoza* v. *Small Claims Court,* 49 Cal.2d 668, 670 [321 P.2d 9]; *Simpson* v. *Police Court of Riverside,* 160 Cal. 530, 532 [117 P. 553].) In the Simpson case, after pointing out that the appellant police court had no direct interest in a case before it, the decision says: "It has, however, a right to appeal from any judgment against it prohibiting it from proceeding in that action, and has a right to be relieved from any writ improperly so prohibiting it." The rule of the Simpson case has been followed and accepted without discussion or criticism in later cases which determined on the merits an appeal taken by a tribunal from a judgment granting a writ which would have the effect of limiting or impairing the jurisdiction of the tribunal or of controlling its functioning. (See *Hidalgo* v. *Municipal Court,* 129 Cal.App.2d 244 [277 P.2d 36] [mandamus to compel preparation of transcripts at county expense in a misdemeanor case, on appeal by court, judge and reporter, judgment granting writ reversed]; *Zamloch* v. *Municipal Court,* 106 Cal.App.2d 260 [235 P.2d 25] [mandamus to compel dismissal of misdemeanor charges for violation of right to speedy trial; on appeal by court and judge, judgment directing dismissal affirmed]; *Wyman* v. *Municipal Court,* 102 Cal.App.2d 738 [228 P.2d 89, 229 P.2d 491] [prohibition to restrain court from revoking an order granting probation; on appeal by court, judgment granting writ affirmed]; *People* v. *Police Court,* 96 Cal.App.2d 217 [214 P.2d 593] [mandamus to compel entry of jury verdict of guilty; on appeal by court, judgment granting writ reversed]; *Donner Finance Co.* v.

*Municipal Court,* 28 Cal.App.2d 112 [81 P.2d 1054] [prohibition to "annul" judgment and to restrain enforcement and issuance of execution; on appeal by court, judge and clerk, judgment granting writ reversed]; *Glasser* v. *Municipal Court,* 27 Cal.App.2d 455 [81 P.2d 260] [prohibition to restrain trial for violation of ordinance asserted to be unconstitutional; on appeal by court, judge, and perhaps others, judgment granting writ reversed]; *cf. United States Fidelity & Guaranty Co.* v. *Justice Court,* 99 Cal.App.2d 683 [222 P.2d 292] [certiorari to review forfeiture of bail bond; on appeal by court, judge, and perhaps others, judgment that surety bond was exonerated, reversed].)

As will be seen the appeals board in the present case was exercising its jurisdiction pursuant to constitutional grant of authority, and the writ of mandate ordered by the superior court, if not set aside, will operate to control the functioning of the appeals board, will interfere with the exercise of its jurisdiction and will limit or impair the jurisdiction which it claims to possess.

Section 22 of article XX of the Constitution provides in part that when an appeal is taken from an order of the department suspending or revoking a license, the appeals board "shall review the decision subject to such limitations as may be imposed by the Legislature. . . . Review by the board . . . shall be limited to the questions whether the department has proceeded without or in excess of its jurisdiction, whether the department has proceeded in the manner required by law, whether the decision is supported by the findings, and whether the findings are supported by substantial evidence in the light of the whole record. . . . Orders of the board shall be subject to judicial review upon petition of the director or any party aggrieved by such order." (See similar provisions in Bus. & Prof. Code, §§ 23084-23091.)

■ The appeals board was acting pursuant to this authority when it determined that the state board had lost jurisdiction to grant a reconsideration. Although the appeals board may have been in error in making this determination, it was then performing the very function it was designed to perform, namely, to determine whether the department (or the state board as its predecessor) had "proceeded without or in excess of its jurisdiction" or had "proceeded in the manner required by law." In making this determination and performing this function, the appeals board necessarily was required to determine the proper rules of law and to pass upon its own juris-

diction in the matter. When the alternative writ of mandate was issued the return and answer of the appeals board raised not only the issue of whether the state board had acted within its jurisdiction, but also the issue whether the appeals board had acted within its jurisdiction and pursuant to its constitutional grant of authority. The primary question before the appeals board was whether the state board had lost power to grant a reconsideration. Determination of this question affected the appeals board's jurisdiction to act by fixing the time when the matter became final before the state board and the time when the appeals board might acquire jurisdiction on appeal.

The judgment of the superior court commands the appeals board to do something it claims it is not legally required to do, i.e., to set aside the decision which that board asserts it made properly and within its jurisdiction. The effect of the judgment is a holding that, as a matter of law, the appeals board could properly act in only one way and that its contrary action in holding invalid the state board's order of reconsideration was without or in excess of the appeals board's jurisdiction. When, as here, the appeals board has acted within the scope of the functions assigned to it by the Constitution, it has a vital interest in maintaining its integrity and seeing that it is not required to discharge its judicial duties contrary to law. It is prejudiced and aggrieved by any writ which has the effect of improperly controlling its functioning as a quasi judicial body, and it has a right to appeal for the purpose of testing the correctness of the judgment. The appeals board is the only party appellant herein and it is the only indispensable party to the proceeding. Without its presence there is no party against whom a writ of mandate could effectively operate. Its resistance to the writ is real and substantial, and it must therefore be deemed to be a party aggrieved by the judgment appealed from.

The motion to dismiss the appeal is denied.

Gibson, C. J., Carter, J., and Spence, J., concurred.

McComb, J., dissented.

The petition of respondents State Board of Equalization and Russell S. Munro, as Director, The Department of Alcoholic Beverage Control, for a rehearing was denied July 2, 1958. Traynor, J., Schauer, J., and McComb, J., were of the opinion that the petition should be granted.