[Crim. No. 17555. Second Dist., Div. Four. May 28, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
EARL OLIVER GOUDEAU, Defendant and Appellant.

**COUNSEL**

Robert Hillison, under appointment by the Court of Appeal, Miller, Vandegrift, Middleton & Sackin and Miller, Middleton & Sackin for Defendant and Appellant.

James T. Starr, City Prosecutor, and Robert E. Levy, Deputy City Prosecutor, for Plaintiff and Respondent.

## OPINION

**ALARCON, J.\*—**

### Factual Background

In two separate cases in the Municipal Court of the Long Beach Judicial District of Los Angeles County appellant was found guilty of violating section 11721 of the Health and Safety Code, a misdemeanor. He appealed to the appellate department of the superior court which affirmed the judgments and certified the cases for transfer under rule 62, California Rules of Court.

### Problem

The appellant contends that the denial of a court reporter at the trial of a misdemeanor case is (1) a denial of due process because of the inability of a convicted person to prepare an adequate record on appeal, (2) a violation of the equal protection clause of the United States Constitution, and (3) contrary to California's statutory procedural due process.

### Discussion

The question as to whether a defendant is entitled to a court reporter in a misdemeanor trial as a matter of right was ruled upon in *Hidalgo* v. *Municipal Court* (1954) 129 Cal.App.2d 244 [277 P.2d 36]. We granted certification in this matter in order to consider the present vitality of the rule of the *Hidalgo* case in light of the more recent decisions of the United States Supreme Court in *Williams* v. *Oklahoma City* (1969) 395 U.S. 458 [23 L.Ed.2d 440, 89 S.Ct. 1818] and *Griffin* v. *Illinois* (1956) 351 U.S. 12 [100 L.Ed. 891, 76 S.Ct. 585, 55 A.L.R.2d 1055]. We have concluded that the *Williams* and *Griffin* decisions are clearly distinguishable from the *Hidalgo* case and have no application to the problem before us.

In *Griffin* v. *Illinois,* 351 U.S. 12 [100 L.Ed. 891, 76 S.Ct. 585, 55 A.L.R.2d 1055], after their conviction for armed robbery, the defendants filed a request with the trial court that a stenographic transcript of trial proceedings be furnished to them without cost because they were indigents. The trial court denied the motion without a hearing. The Illinois Supreme Court dismissed a petition filed under the Illinois Post-Conviction Hearing Act on the ground that denial of a reporter's transcript because of poverty did not raise substantial state or federal constitutional questions.

Before the Supreme Court, counsel for the State of Illinois conceded

---

*Assigned by the Chairman of the Judicial Council.

"these petitioners needed a transcript in order to get adequate appellate review of their alleged trial errors." (*Griffin* v. *Illinois, supra,* 351 U.S. 12, 16 [100 L.Ed. 891, 897].) The Supreme Court held that a state may not deny "the poor an adequate appellate review accorded to all who have money enough to pay the cost in advance." (*Griffin* v. *Illinois, supra,* at p. 18 [100 L.Ed. at p. 898].) The Supreme Court remanded the cause for further action so that the Illinois Supreme Court might have an opportunity to reconsider its denial of a transcript in view of the concession by Illinois that a transcript was necessary for adequate appellate review. (*Griffin* v. *Illinois, supra,* at p. 19 [100 L.Ed. at p. 899].) In *Griffin* the United States Supreme Court was careful to point out that a state is not required to furnish a reporter's transcript of every criminal proceeding. "We do not hold, however, that Illinois must purchase a stenographer's transcript in every case where a defendant cannot buy it. The Supreme Court may find other means of affording adequate and effective appellate review to indigent defendants. For example, it may be that bystanders' bills of exceptions or other methods of reporting trial proceedings could be used in some cases." (*Griffin* v. *Illinois, supra,* at p. 20 [100 L.Ed. at p. 899].) The bystanders' bill of exceptions is a report of the trial proceedings " 'prepared from someone's memory in condensed and narrative form and certified to by the trial judge.' " (See *Griffin* v. *Illinois, supra,* p. 14, fn. 4 [100 L.Ed. at p. 896].)

In *Williams* v. *Oklahoma City,* 395 U.S. 458 [23 L.Ed.2d 440, 89 S.Ct. 1818], the petitioner was convicted of drunken driving and sentenced to serve 90 days in jail and to a fine of $50. The trial proceedings were stenographically transcribed as required by Oklahoma law. The trial court and the Oklahoma Court of Criminal Appeals refused to order a copy of the reporter's transcript at public expense "although finding that petitioner was an indigent whose grounds of appeal were not without merit, and that neither petitioner nor his appointed counsel could make up a transcript of the trial proceedings from memory." (*Williams* v. *Oklahoma City, supra,* at p. 459 [23 L.Ed.2d at p. 442].)

In line with *Griffin* the Supreme Court held that the action of the trial court and the Court of Criminal Appeals effectively denied the petitioner the right of appeal because of his poverty in violation of the equal protection clause of the Fourteenth Amendment. In deciding *Williams* the Supreme Court did not change the law set forth in *Griffin.* It merely extended the *Griffin* rule to misdemeanor appeals where the petitioner cannot make up a narrative summary of the trial proceedings from memory.

In California felony proceedings a court reporter must be present if requested by the defendant, the district attorney, or on order of the court.

(Code Civ. Proc., § 269.)[1] However, in misdemeanor proceedings a court reporter is not required unless ordered by the court. (See Code Civ. Proc., § 274c.)[2] "[T]he presence of an official court reporter in a criminal proceeding in the municipal court is dependent upon the discretion of the judge thereof." (*Hidalgo* v. *Municipal Court, supra,* 129 Cal.App.2d 244, 246.)

The fact that the trial court in a misdemeanor proceeding may deny a defendant's request for the presence of a reporter at the trial does not in itself discriminate against the poor since the reporter's fee must be paid out of public funds. (See Gov. Code, § 69952; see also *Hidalgo* v. *Municipal Court, supra,* at p. 246.) The wealth of the defendant is, therefore, not relevant to the presence of a reporter since a misdemeanor defendant is not required to pay for the reporter's fee.

California provides an alternative method to the use of a reporter's transcript as a means of affording a review of a misdemeanor trial through the use of a settled statement. (Cal. Rules of Court, rules 184, 187.)[3] "Under

---

[1]Code of Civil Procedure section 269 provides in pertinent part: "The official reporter of a superior court, or any of them, where there are two or more, must, at the request of either party, or of the court in a civil action or proceeding, and on the order of the court, the district attorney, or the attorney for the defendant in a criminal action or proceeding, take down in shorthand all the testimony, the objections made, the rulings of the court, the exceptions taken, all arraignments, pleas, and sentences of defendants in criminal cases, . . ."

[2]Section 274c, Code of Civil Procedure, provides in pertinent part: "Official reporters of a municipal court, or any one of them, must, at the request of either party or of the court in a civil proceeding, or on the order of the court in a criminal action or proceeding, take down in shorthand all the testimony, the objections made, the rulings of the court, the exceptions taken, all arraignments, pleas and sentences of defendants in criminal cases, . . ."

[3]Rule 184 provides in pertinent part: "(a) Where a consideration of the evidence or any part thereof, or of any proceedings which do not otherwise constitute a part of the record on appeal as defined in rule 183, is necessary to a determination of the appeal, the same must be set forth in a statement on appeal settled and certified as provided in these rules, and if not so set forth, it shall be presumed that they were such as to support the judgment or order appealed from. If all or any part of such evidence or other proceedings was reported by an official reporter, the appellant may give notice in his proposed statement that he intends to file a reporter's transcript of the evidence and proceedings so reported, and to make the same a part of the statement, and if he gives such notice he may omit any other statement of the evidence and proceedings so reported from his proposed statement.

(b) In every such statement the appellant shall specify the grounds on which he intends to rely upon appeal and set forth so much of the evidence and other proceedings as are necessary for a decision upon said grounds. Said grounds of appeal shall be stated with sufficient particularity to apprise the court and the opposing party of the rulings or other matters of which the appellant intends to complain, but this may be done by any general description calling attention to the points to be made, without specifying each separate ruling or other matter to be complained of. If one of said grounds of appeal is insufficiency of the evidence, the particulars in which it is insufficient shall also be stated, unless a reporter's transcript containing the whole thereof is to be made a part of the statement. No ground of appeal not so specified shall be considerd by the superior court unless it shall appear to the satisfaction of

these rules the appellant in a municipal court proceeding may prepare a statement setting forth the grounds of his appeal and so much of the evidence and other proceedings as are necessary for a decision upon the grounds so advanced." (*Hidalgo* v. *Municipal Court, supra,* at p. 248.)

The settled statement procedure as provided by California law is strikingly comparable to the Illinois bystander bill of exceptions mentioned by the United States Supreme Court in *Griffin* as a possible alternative to a reporter's transcript as a means of affording appellate review. If the judge at a California misdemeanor trial refuses to order a court reporter the convicted defendant, whether rich or poor, may seek appellate review on the basis of a settled statement. ■ "When such a statement can afford an adequate basis for review, no right of an appellant is infringed by denial of a full transcript." (*Muller* v. *Municipal Court* (1968) 259 Cal.App.2d 177, 179 [66 Cal.Rptr. 367].) ■ In the instant matter the appellant has failed to show any damage as the result of the refusal of the trial judge to order a reporter. The appellant does not even allege that the

said court that the record on appeal fairly and fully presents the evidence and other proceedings necessary for a decision thereon.

. . . . . . . . . . .

(d) If the appellant desires to have a statement settled, he shall, within five days after filing notice of appeal, serve on the respondent and file with the trial court a proposed statement on appeal."

Rule 187 provides as follows: "Upon the filing of such proposed amendments or the expiration of the time therefor without the filing thereof, the trial judge shall forthwith fix a time for settlement of the statement or transcript, or both, which time shall be as early as the business of the court will permit, either in chambers or in open court, and cause notice thereof to be mailed, at least five days before the time fixed, to each party, or, if any party appears by attorney, then to his attorney, if the mailing address of such party or attorney appears in the files of the case in which the appeal is taken. The trial judge shall at the time fixed, or any other time to which the matter may be continued, settle the statement or transcript, or both, and the amendments proposed thereto, if any, correcting, altering, or rewriting such statement or transcript, or both, as may be necessary to make the same set forth fairly and truly the evidence and proceedings relating to the specified grounds of appeal or the matters set forth by the appellant in support thereof.

"The appellant's specifications of grounds of appeal shall not in any case be eliminated from the settled statement. At the time of settlement the judge may direct the appellant to engross the statement or transcript, or both, as settled. Thereupon the appellant shall engross the statement or transcript, or both, as corrected and settled and present the same to the judge for certification within five days from the date of settlement, and if he fails to do so within said period or any lawful extension thereof his right to have such statement or transcript settled or certified shall thereupon terminate. When a statement or transcript is settled, and engrossed if engrossment is ordered, the trial judge shall certify to its correctness. A judge may settle and certify such statement or transcript after as well as before he ceases to be such judge. If the trial judge dies, is removed from office, becomes disqualified or is absent from the state at the time for settling or certifying a statement or transcript, it may be settled or certified by any other judge of said court qualified to act."

trial was too complex or protracted to permit the preparation of an adequate settled statement from memory or notes.

The appellant contends that a reporter's transcript is mandatory in every misdemeanor case so that the appellate court may order that a transcript be prepared if the appellant contends that he is unable to prepare an adequate settled statement. However, the appellant has not shown us wherein the "Engrossed Statement on Appeal" filed herein is inadequate. He does not claim that the summary of the evidence is unfair, inaccurate or omits evidence vital to his appeal. In fact the appellant has failed to raise any contention in his briefs which, if true, would demonstrate a ground for reversal.

The fact that the California Legislature has made the presence of a reporter mandatory at a felony trial and discretionary in misdemeanor proceedings is not a denial of equal protection. The possible consequences of a felony prosecution are far more severe than for the conviction of a misdemeanor. Therefore, it is reasonable for the Legislature to provide additional safeguards in a felony prosecution to ensure that there is more than one method available to provide an adequate record of the trial.

The appellant also contends that the Long Beach Judicial District must supply court reporters in criminal trials because the Municipal Court for the Los Angeles Judicial District has adopted a rule requiring court reporters in misdemeanor proceedings.

The fact that Los Angeles has adopted such a rule does not bind the Long Beach Judicial District. Government Code sections 72621 and 72622 provide for the adoption of rules concerning judicial administration by a majority of all the municipal court judges in Los Angeles County. No showing has been made to us that a rule concerning the presence of court reporters in each judicial district in all criminal proceedings has been adopted by a majority vote of all the judges in Los Angeles County.

The judgments are affirmed.

Files, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied June 23, 1970, and the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied July 22, 1970.