[Civ. No. 25334.   Second Dist., Div. Three.   Apr. 24, 1961.]

BENNIE MAE GREEN, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, APPELLATE DEPARTMENT, et al., Respondents.

Samuel C. McMorris for Petitioner.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondents.

NOURSE, J. pro tem.*—Petitioner, having been convicted of assault and battery and judgment of conviction having been affirmed by the Appellate Department of the Superior Court of Los Angeles County, seeks her discharge from custody on the ground that she was denied due process of law in that (1) she was denied counsel at her trial, (2) that she was denied a jury trial, (3) that she was denied the right to the reporter's transcript upon her appeal, and (4) a speedy trial, (i.e., a speedy determination of her appeal).

At oral argument in this case it was stipulated that there might be made a part of the record of this court for the purpose of this proceeding, the files of the municipal court and the appellate department of the superior court. We have carefully examined the entire proceedings and have reached the conclusion that petitioner has not been deprived of due process of law and that she had a fair trial and a fair opportunity to present a sufficient record upon appeal. We are further convinced that the purpose of this proceeding is not so much to relieve petitioner from the judgment which sentenced her to spend two nights and one day in jail[1] as it is to secure a ruling from this court that any person convicted of a misdemeanor is entitled to a reporter's transcript at the expense of the county as a matter of right.

There is no merit in petitioner's claim that she was deprived of her legal right to counsel or of her right to a jury trial. The record discloses that she was arraigned upon the day of her arrest and was then advised of all her legal rights and that she then entered her plea of guilty to count I of the complaint (violation of section 242 of the Penal Code, battery) and that thereupon count II of the complaint which charged her with the violation of section 415 of the Penal Code (disturbing the peace) was dismissed. The record fur-

---

*Assigned by Chairman of Judicial Council.

[1]The sentence is to commence after working hours on Friday and end on Sunday morning.

ther reveals that petitioner was again arraigned and informed of the charges against her and of her legal rights and she then withdrew her plea of guilty and pleaded not guilty and demanded a jury trial. The case was then set for October 14, which was 30 days after her second arraignment. At that time she, in open court, personally waived the right to a trial by jury and was tried by the court. While petitioner in her petition here states that she did not understand the difference between a court and a jury trial, this statement is belied by her action, in which she first demanded a jury trial and then when the cause was set for a jury trial and when she appeared in the jury department, expressly waived the right. There is no showing whatsoever that she was not advised of her right to counsel or that she requested that the court appoint counsel for her. If there was any basis for the present contention that she was not properly advised as to her right to counsel and that the court refused her request for counsel or that she was not advised of her right to a jury trial, those matters could have been raised upon the appeal from the judgment and as we will hereafter demonstrate, petitioner did not make any attempt to present such questions to the appellate department and she cannot now assert them.

Petitioner's contention that she was deprived of an adequate record on appeal has no foundation in the record. Her contention that as an indigent person she was entitled to a reporter's transcript as a matter of right without a proper showing of a need therefor has clearly been determined against her in *Preston* v. *Municipal Court* (and cases therein cited), 188 Cal.App.2d 76 [10 Cal.Rptr. 301] (hearing denied by the Supreme Court).

The only showing made by petitioner's counsel as to the need for the reporter's transcript was the fact that he did not represent petitioner at the trial and therefore would have no knowledge of any errors that might have occurred. He made no attempt to secure a settled statement but to the contrary, resisted all efforts of the very conscientious judge who rendered the judgment against her to procure or have settled a statement upon appeal. His explanation for this is frankly set forth in his points and authorities filed herein and is that he felt ''an unwillingness to voluntarily submit to unlawful and unconstitutional approach to right of indigent upon appeal.''

It is the duty of an indigent person appealing from a judgment of misdemeanor to make a bona fide attempt to

procure a settled statement for use upon appeal and only if that fails can he be said to have shown the need for a reporter's transcript to be furnished him at the expense of the county. The record before us shows that no reporter was present at either time when petitioner was arraigned and advised of her legal rights. Any errors committed in failing to fully advise petitioner of her legal rights as to counsel or trial by jury could only have been presented to the appellate department by a settled statement which petitioner's counsel refused to submit or suggest. The trial itself was a simple one, the single issue presented being: Did petitioner commit an assault as charged in the complaint? The trial judge's notes[2] of the testimony given before him, including that of petitioner, show without conflict that petitioner bit one of the officers who was attempting to place her under arrest.

The record further discloses that no briefs were filed by counsel in support of the appeal and no appearance made by him before the appellate department when the matter was set for oral argument. The whole record clearly shows that petitioner had no intention of prosecuting her appeal upon the merits and if there were any errors, which we doubt, she waived them by failing to prosecute her rights in the manner provided for by the statutes of this state.

Petitioner's contention that she was deprived of a speedy trial, that is, an early determination of her appeal, is frivolous and has no foundation in the record. ▉▉ That there was a delay in filing the record on appeal is beyond doubt, but it is clear that this delay was caused by the failure of petitioner's counsel to make any attempt, other than his demands for a reporter's transcript, to produce a record on appeal. Once the record on appeal was filed it was disposed of by the appellate department of the superior court within 36 days. Certainly that court was not dilatory.

The order to show cause heretofore issued is discharged and the petition is denied.

Shinn, P. J., and Ford, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied June 21, 1961.

---

[2]The trial judge, after having failed in repeated attempts to procure the cooperation of petitioner's counsel in settling a statement on appeal, certified his own notes as to the testimony of the witnesses before him to the appellate court as a part of the record on appeal.