[Crim. No. 7631.    In Bank.    July 9, 1964.]

In re VINCENT S. HENDERSON on Habeas Corpus.

542

Benjamin Dreyfus, under appointment by the Supreme Court, Donald L. A. Kerson and Garry, Dreyfus & McTernan for Petitioner.

Richard B. Weinstein as Amicus Curiae on behalf of Petitioner.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., Barry L. Bunshoft and Robert R. Granucci, Deputy Attorneys General, for Respondent.

GIBSON, C. J.—Vincent S. Henderson was convicted in the San Francisco Municipal Court of a violation of subdivision (a) of section 647 of the Penal Code (soliciting or engaging in lewd or dissolute conduct in public), and he was fined and placed on probation for two years.[1] He filed a notice of appeal together with a request for a reporter's transcript. The request, which was not accompanied by an affidavit in forma pauperis, was denied. Petitioner was not represented by an attorney on the appeal, and it does not appear that he requested one. It is undisputed that he was then and is now indigent. The appellate department of the superior court affirmed the judgment, and petitioner instituted this proceeding, requesting the reinstatement of his appeal, a free transcript, and the assignment of an attorney to represent him.

On an appeal from a felony conviction in a superior court a defendant, regardless of his ability to pay, has a right to a reporter's transcript furnished at the expense of the state. (*People* v. *Smith* (1949) 34 Cal.2d 449, 450 [211

---

[1]According to the probation department, the period of petitioner's probation has been extended to July 17, 1964.

P.2d 561].) ■ Where the appeal is from a misdemeanor conviction in a municipal court a defendant is not automatically entitled to a free transcript. (*Preston* v. *Municipal Court* (1961) 188 Cal.App.2d 76, 78-81 [10 Cal.Rptr. 301]; *Hidalgo* v. *Municipal Court* (1954) 129 Cal.App.2d 244, 245 [277 P.2d 36].) On such an appeal, however, where a reporter has recorded the proceedings a transcript must be given the defendant without charge if he is indigent and the transcript is necessary for an adequate and effective appellate review. (*Preston* v. *Municipal Court, supra,* 188 Cal.App.2d 76, 81 et seq.) In *Preston* an affidavit in forma pauperis was filed with the request for a transcript, and it was unnecessary to determine in that case whether the request must be accompanied by such an affidavit.

■ We are satisfied that the orderly administration of justice requires a defendant to raise the matter of indigence in conjunction with his request for a free transcript, but petitioner did not have the guidance of any statute, rule of court, or decision setting forth the requirement that the request be accompanied by an affidavit in forma pauperis. Under the circumstances, to deny him relief upon the ground that he did not file an affidavit in forma pauperis when he requested the transcript would result in undue hardship. (Cf. *Phelan* v. *Superior Court* (1950) 35 Cal.2d 363, 371-372 [217 P.2d 951].)

There is nothing in the present case to warrant a determination that a settled statement was prepared or that it would have afforded an adequate method of review of the issues raised, including the sufficiency of the evidence to support the conviction. On this record we must conclude that petitioner is entitled to have his appeal reinstated and to be supplied with a free reporter's transcript.

■ The question remains whether petitioner has a right to have an attorney assigned to represent him on appeal. In *Douglas* v. *State of California* (1963) 372 U.S. 353, 357 [83 S.Ct. 814, 9 L.Ed.2d 811, 814], the United States Supreme Court held that where on a first appeal granted as a matter of right from a criminal conviction an indigent defendant is denied the assistance of counsel, an unconstitutional line is drawn between rich and poor. Although a felony was involved in *Douglas,* a conviction under subdivision (a) of section 647 of the Penal Code also has serious consequences. In addition to the sentence imposed a person convicted of violating that subdivision is disqualified from teaching in public schools

and is required to register with a law enforcement agency and to inform the agency of any change of his address. (Ed. Code, §§ 13207, 13218; Pen. Code, § 290.) The record does not show that petitioner requested an attorney when he appealed, but upon the reinstatement of his appeal the principle enunciated in *Douglas* is applicable, and he is entitled to have an attorney assigned to represent him in the further proceedings.

The writ is granted, and the appellate department of the superior court is directed to recall its remittitur, to reinstate petitioner's appeal in action number 949, to provide him with an attorney on appeal, and to order the municipal court to grant petitioner's request for a reporter's transcript without charge.

Traynor, J., Schauer, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.