[Civ. No. 24111.   First Dist., Div. Three.   Feb. 20, 1968.]

WILLIAM MULLER, Plaintiff and Appellant, v. THE MUNICIPAL COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Defendant and Respondent; THE PEOPLE, Real Party in Interest and Respondent.

William Muller, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Thomas C. Lynch, Attorney General, Edward P. O'Brien and Don Jacobson, Deputy Attorneys General, for Real Party in Interest and Respondent.

DRAPER, P. J.—Seven misdemeanor parking violations (San Francisco Municipal Traffic Code, §§ 32(a), 32(b) and 32(c)) were charged against petitioner. He demanded jury trial, elected to represent himself, and consumed five days in trial. The jury convicted him on all counts. He filed notice of appeal. He made no attempt to secure a settled statement of the oral proceedings but moved in the trial court for a reporter's transcript supplied at public expense. The motion was denied. His application to the superior court for writ of mandate was denied after hearing. He appeals.

On appeal from a felony conviction, California furnishes a free reporter's transcript to the appellant regardless of his ability to pay or the adequacy of another form of record (*People* v. *Smith*, 34 Cal.2d 449 [211 P.2d 561]).

In misdemeanor cases, however, such a transcript is furnished only to an appellant who is indigent and only when a transcript is necessary to an adequate and effective appellate review (*In re Henderson*, 61 Cal.2d 541, 543 [39 Cal.Rptr. 373, 393 P.2d 685]). Neither condition is met here.

■ California procedure provides for a settled statement on appeal from a municipal court judgment (Cal. Rules of Court, rules 184-187). When such a statement can afford an adequate basis for review, no right of an appellant is infringed by denial of a full transcript (see *Preston* v. *Municipal Court*, 188 Cal.App.2d 76, 86 [10 Cal.Rptr. 301]; *Griffin* v. *Illinois*, 351 U.S. 12, 20 [100 L.Ed. 891, 899, 76 S.Ct. 585, 55 A.L.R.2d 1055]). It has been said that "a bona fide attempt to secure a settled statement" is essential to showing the need for a reporter's transcript (*Green* v. *Superior Court*, 191 Cal.App.2d 484, 486-487 [12 Cal.Rptr. 796]). Although the point is not expressly mentioned in two other decisions (*In re Henderson, supra,* 61 Cal.2d 541; *Preston* v. *Municipal Court, supra*), some amelioration of so rigid a requirement seems implicit in them. Preparation by the appellant of a narrative statement, proposal of amendments by respondent, and attempt of the trial court to settle the statement do, of course, afford a sound basis for determination of the possibility and adequacy of such a statement. We are reluctant, however, to fix such an attempt as a formal requirement. Other acceptable means of showing inadequacy of the alternative procedure are readily conceivable.

■ Here, however, it seems apparent that petitioner, without regard to the adequacy of a settled statement, is determined to compel the public to provide a full transcript. He has not detailed to us the proceedings in the municipal court on his motion for a transcript. We know only that the motion was heard and denied. We must assume that the trial court determined that a settled statement could be achieved and would fully present all relevant issues on appeal. In superior court, petitioner argued only that 10 witnesses testified and that the trial took five days. But this does not, alone, establish any difficulty in preparing a narrative statement of the testimony on relevant issues. Such issues, under an ordinance establishing parking limitations, are few and simple. It is inconceivable that testimony at all relevant to such issues could consume any substantial period. Petitioner is not a lawyer, but insisted upon representing himself. He does not say how much time he occupied in *voir dire* of the jury, how many of the witnesses he called nor how relevant their testimony was, nor the extent and relevancy of his cross-examination of the prosecution witnesses. He specifies no fact issue to be raised on or relevant to his appeal. We are hesitant to discount the possibility of irrelevance and redundance, as

would be required to reverse the determinations of the trial court and the superior court.

Here petitioner's broad allegation of impossibility of preparation of a settled statement was denied by the return to the writ. The issue was presented to the superior court, which found against petitioner.

Similarly, petitioner failed to establish his indigence. His petition asserts only that he ''is presently without such funds as may be required to pay for such a transcript consuming five days of trial.'' The return specifically alleged that ''petitioner is not in fact indigent.'' At trial of the mandate proceeding, the judge questioned petitioner on this issue. Petitioner made no assertion whatever of inability to pay. Rather, he said ''that part troubles me, your Honor, in that I don't know what fully constitutes indigency. I want an opportunity to research that.'' The trial court pointed out that petitioner had had six or seven weeks, after filing his petition, for such research. Petitioner's answer was that ''every minute'' had been occupied in other cases he was handling in propria persona. ''I have over 15 or 20 cases, I have over 20 or 25 appeals. I am virtually in court every day.'' Throughout this discussion of indigence, he carefully refrained from any statement, however general, of his financial status. There is ample room to infer, as the trial court did, that he prefers to spend his available funds for his extensive and largely fruitless civil litigation while imposing the out-of-pocket costs of this case upon the public. Choice, rather than need, seems clearly to be his motivation. The trial court's conclusion that petitioner did not establish indigence is fully supported.

Judgment affirmed.

Salsman, J., and Brown (H. C.), J., concurred.