Nancy Lee **RICHARDS**, Petitioner,

v.

Jackie **TOWNSEND** et al., Respondents.

No. 50260.

United States District Court,
N. D. California.

Sept. 16, 1969.

**794**

John D. Nunes, · Public Defender for Alameda County, Oakland, Cal., with Andre T. La Borde, appearing for petitioner.

Thomas C. Lynch, Atty. Gen. of Cal., San Francisco, Cal., Karl S. Mayer, Deputy Atty. Gen., appeared for respondents.

## ORDER GRANTING RELIEF

WOLLENBERG, District Judge.

On October 30, 1967, petitioner was given three years probation for violations of California Penal Code, sections 148 (resisting or obstructing an officer) and 272 (contributing to the delinquency of a minor). During the trial of her case, petitioner was represented by retained counsel; she had also hired the services of a certified court reporter, since Alameda County does not, as a rule, provide official reporters for misdemeanor trials in its municipal courts.

At the conclusion of trial, petitioner found herself indigent, trial counsel withdrew from the case, and the court appointed counsel (the public defender) to represent petitioner. Being unable to pay for the transcript prepared by the retained reporter, petitioner attempted to secure same at court expense. Both trial and appellate courts denied the appropriate motions made by petitioner. The public defender who was appointed counsel also tried, in collaboration with the prosecuting attorney, the trial judge, and others, to draw up a settled statement in conformity with Cal. Rule of Court 184, but this attempt was unsuccessful and petitioner's appeal, when brought before the Superior Court of the State of California in and for the County of Alameda, was dismissed for "lack of records". A petition for hearing in the Supreme Court of the State of California was denied without comment. Petitioner now petitions this court for appropriate relief on the grounds that the failure of Alameda County to provide court reporters in municipal courts constitutes an arbitrary discrimination between residents of Alameda and those of other counties, and, particularly, that the failure to provide this indigent petitioner with a transcript at public expense is a denial of equal protection and due process of the laws. See Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1955), Williams v. City of Oklahoma City, 395 U.S. 458, 89 S.Ct. 1818, 23 L.Ed.2d 440 (1969).

At the outset, it must be affirmed that petitioner's probationary status is a sufficient form of "custody" under the terms of 28 U.S.C. § 2241. See Benson v. California, 328 F.2d 159 (9 Cir. 1964). Likewise, since petitioner was convicted of misdemeanors which can result in relatively severe penalties, her case should not be distinguished from *Griffin, cit. supra,* on the basis that *Griffin* should be applied only to felony convictions. See Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1967); Harvey v. Mis-

sissippi, 340 F.2d 263 (5th Cir. 1965); Preston v. Municipal Court, 188 Cal.App. 2d 76, 10 Cal.Rptr. 301 (1961).

■ The obligation imposed on the states by *Griffin* and analogous cases grows from the general maxim that "all people charged with crime must, so far as the law is concerned, 'stand on an equality before the bar of justice in every American court'". Griffin v. Illinois, 351 U.S. 12, 17, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1955). The states are under no constitutional obligation to provide machinery for criminal appeals, but if they do, such machinery must not be so administered as to discriminate against individual defendants on the basis of race, affluence, or other reasons unrelated to some "rational policy of criminal appeal." *Id.* at p. 22, 76 S.Ct. 585 (concurring opinion). Thus the indigent must be provided court appointed counsel on appeal, Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1962); Similarly the state must provide transcripts or "other means of affording adequate and effective appellate review to indigent defendants." Griffin, *cit. supra,* 351 U.S. at p. 20, 76 S.Ct. at p. 591.

■ California provides for appeals in misdemeanor as well as felony cases; California is therefore bound to make such appeals "adequate and effective" for indigent defendants such as petitioner. An effective appeal certainly requires a transcript or other means of informing both court and attorney of events at trial. In the instant case, petitioner's attorney was especially burdened in that he was appointed after the trial had concluded. "When * * * new counsel represents the indigent on appeal, how can he faithfully discharge the obligation which the court has placed on him unless he can read the entire transcript?" Hardy v. United States, 375 U.S. 277, 279–280, 84 S.Ct. 424, 425–426, 11 L.Ed.2d 331 (1963). Thus it is not surprising that after making a bona fide attempt to draw up a settled statement, and after being refused funds for the transcript of the certified reporter, petitioner filed an appeal which was dismissed "for lack of records". How then does respondent claim that the obligations outlined in Griffin, Muller v. Municipal Court, 259 Cal.App.2d 177, 66 Cal.Rptr. 367 (1968), Green v. Superior Court, 191 Cal.App.2d 484, 12 Cal.Rptr. 796 (1961), etc., have been fulfilled by the State of California?

■ It might be said that since Alameda County generally supplies transcripts to neither affluent nor indigent defenders in misdemeanor cases, there is no discrimination against petitioner as an indigent. Yet it appears that an affluent defendant may hire his own certified reporter, and that, armed with this reporter's notes, may aid himself and the trial court to arrive at a settled record, may discern possible errors by the court during the trial, and in general supply the appellate court with sufficient information to avoid the obligation of dismissing the appeal "for lack of records". If it be said, as respondent has implied, that dismissal would occur even in this case, since appellant's transcript would be "unofficial", the discrimination would be all the more flagrant, since such dismissals would then be of all appeals of misdemeanor cases in Alameda County where a settled statement had proven impossible to obtain. The equal protection clause applies not only to unreasoned distinctions based on race or relative affluence, but also to those based on accidents of geography. See, for example, Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964). California affords defendants convicted of misdemeanors the right to appeal: if the appellate courts require either an official transcript or a settled statement for an appeal, the right of appeal is effectively denied Alameda County misdemeanants who find themselves unable to obtain settled statements, in contrast to the residents of most other California counties which do employ official reporters in their municipal courts.

There is, then, some ambiguity in the relief proper in this case. If it be true that petitioner cannot have her appeal entertained without an *official* transcript, then it would be necessary to order petitioner released from probation, and, if she is to be retried, an official reporter employed by the municipal courts of the County of Alameda. If, on the other hand, the defect in petitioner's appeal arose from the inability of her court appointed attorney, due to lack of written records, to apprize himself and the appellate court of the factual and legal issues which arose during trial, or to settle the record on appeal by means of a hearing before the trial judge, then the unofficial nature of the transcript which is available is irrelevant and it is only necessary to order that a copy of this transcript be supplied petitioner at the expense of the State of California. Language in Kessler v. Young, 86 Cal.App. 657, 260 P. 1106 (1927), implying that there is no provision in California law for a municipal court to authorize employment of any reporter other than an official one is inapposite, since that case arose under a different fact situation and was decided long before the defendants' rights to an adequate appeal were enunciated in Griffin and analogous cases.

Accordingly, it is ordered that:

A. Petitioner be supplied a copy of the transcript of the proceedings in the trial court and that such copy be prepared at the expense of the State of California.

B. Petitioner shall be extended a review on appeal of all issues which could normally be reviewed in such cases.

C. If such an appeal is foreclosed because of the lack of an official transcript of the proceedings below, and if it prove impossible to settle the record by means of a hearing before the trial court, then petitioner is to be released from probation, without prejudice to the right of the State to retry petitioner in proceedings properly recorded by an official court reporter.

D. Execution of this Order is stayed ten (10) court days to allow the Attorney General of the State of California to file, if he so desires, notice of appeal. Should such notice of appeal be filed within the period of the above indicated stay, it shall be further stayed and the probationary status of petitioner shall not be disturbed until a further order of this court.