[S.F. No. 22713. In Bank. Aug. 26, 1970.]

JOY A. MAGEZIS et al., Petitioners, v.
THE MUNICIPAL COURT FOR THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Paul N. Halvonik and Charles C. Marson for Petitioners.

No appearance for Respondent.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, Derald E. Granberg and Karl S. Mayer, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**McCOMB, J.**—Petitioners seek a writ of mandate requiring respondent court to order a reporter's transcript of evidence and proceedings prepared at county expense for their use in appealing their convictions of loitering near a school where children normally congregate, a misdemeanor. (Pen. Code, § 653g.)

*Facts*: Petitioners were prosecuted in respondent court for allegedly participating in a "street-play," which the police deemed obscene. Following their convictions, each petitioner filed and served a notice of appeal and a statement on appeal in which notice was given that a reporter's transcript was to be filed. As grounds for appeal, petitioners (1) challenge the statute as unconstitutional, (2) allege error in the jury instructions, in that the judge went beyond the written instructions submitted by the parties, (3) charge that the People's closing argument contained prejudicial material, and (4) allege that the evidence was insufficient to support the verdicts.

There were also filed in respondent court in petitioners' behalf a motion for preparation of a transcript at county expense, a declaration of indigency, and a more detailed request for transcript. In the latter document, executed in petitioners' behalf by their attorney, the contents of the transcript requested are set forth, and allegations are made that the attorney did not have adequate notes of conferences in chambers or motions to show what points were raised and arguments made and that the prosecution testimony

must necessarily be transcribed, particularly in view of the fact that petitioners did not testify and were challenging the sufficiency of the evidence.

Attached to the request for transcript is an affidavit by petitioners' attorney, reading, as follows: "PAUL N. HALVONIK declares that he is the attorney for [petitioners] and certifies that the materials requested above for the within appeal are needed fairly to present [petitioners'] substantial legal points on appeal. The settled statement of these matters would be inadequate to protect the rights of [petitioners]. If my clients had the money I would order prepared, at their expense, the above portions of the transcript."

Petitioners' motion was denied by respondent court, and they then sought a writ of mandate from the San Francisco Superior Court to compel respondent court to order the reporter's transcript prepared at county expense. The superior court denied the petition, stating that "the denial of the motion for preparation of a reporter's transcript at the expense of the county was a proper exercise of the trial judge's discretion and that no attempt had been made to obtain a settled statement of facts for purposes of appeal."

The People moved the same day in the appellate division of the superior court that petitioners' appeal from their convictions be dismissed for failure to prosecute the appeal with due diligence, since no transcript had been filed. The motion was argued and is presently under submission pending this court's decision herein.

*Question: Would a requirement that an indigent misdemeanor defendant seek a settled statement on appeal before being entitled to a free transcript invidiously discriminate against such defendant, thereby denying him equal protection of the laws?*

*No.* ■ In both California and the federal system, indigent misdemeanor defendants may be entitled to a free transcript. (*Williams* v. *Oklahoma City,* 395 U.S. 458 [23 L.Ed.2d 440, 89 S.Ct. 1818]; *In re Henderson,* 61 Cal.2d 541, 543 [39 Cal.Rptr. 373, 393 P.2d 685]; *Preston* v. *Municipal Court,* 188 Cal.App.2d 76, 85-86 [10 Cal.Rptr. 301].) A free transcript *must* be given to such defendants when the transcript is "necessary for an adequate and effective appellate review." (*In re Henderson, supra,* 61 Cal.2d at p. 543; accord, *Roberts* v. *LaVallee,* 389 U.S. 40, 42 [19 L.Ed.2d 41, 88 S.Ct. 194].)

There is no constitutional requirement, however, that a free transcript be provided in every case where a defendant cannot afford to purchase one. (*Griffin* v. *Illinois,* 351 U.S. 12, 20 [100 L.Ed. 891, 899, 76 S.Ct. 585].) ■ "Alternative methods of reporting proceedings are permissible if they

place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise. A statement of facts agreed to by both sides . . . might . . . be [an] adequate substitut[e], equally as good as a transcript." (*Draper* v. *Washington,* 372 U.S. 487, 495 [9 L.Ed.2d 899, 905, 83 S.Ct. 774].) The settled statement on appeal from a municipal court judgment (Cal. Rules of Court, rules 184-187) is the California equivalent of such an agreed-to statement of facts. ■ "When such a statement can afford an adequate basis for review, no right of an appellant is infringed by denial of a full transcript (see *Preston* v. *Municipal Court,* 188 Cal.App.2d 76, 86 . . . *Griffin* v. *Illinois,* 351 U.S. 12, 20 . . .)." (*Muller* v. *Municipal Court,* 259 Cal.App.2d 177, 179 [66 Cal.Rptr. 367].)

■ Since the United States Supreme Court has held that such alternatives are permissible, presumably to save states money, it cannot be unconstitutional to require that an indigent misdemeanor defendant attempt to agree to a settled statement. If the parties cannot agree, or if the settled statement would be inadequate, the defendant is entitled to receive a free transcript. Under the circumstances, there is no merit to petitioners' contention that if an indigent misdemeanor defendant is required to seek a settled statement on appeal before being entitled to a free transcript, there would be invidious discrimination against him, resulting in a denial of equal protection of the laws.

■ It is not sufficient for indigent misdemeanor defendants to state in a general way that they need a transcript. Some matters, such as alleged unconstitutionality of the statute under which they were convicted, would seem to lend themselves readily to settled statement for adequate presentation on appeal. Others, such as asserted insufficiency of the evidence or errors in admission or exclusion of evidence, may or may not require the use of a transcript. The petitioning defendants must show in a reasonably particularized presentation the reasons why they cannot inform the reviewing court by a settled statement of the claimed inadequacies and errors. Petitioners have not done this.

The alternative writ of mandate is discharged, and a peremptory writ is denied.

Sullivan, Acting C. J., Mosk, J., Burke, J., and Devine, J.,* concurred.

**TOBRINER, J.**—I dissent. The majority hold that before an indigent misdemeanor defendant is entitled to a free trial transcript he must demonstrate

*Assigned by the Chairman of the Judicial Council.

that the alternative of a settled statement of the proceedings would be inadequate to reflect his contentions on appeal. I believe it is the burden of the state to show that a settled statement would constitute an adequate substitute for a trial transcript.

It is "invidious discrimination," forbidden by the equal protection clause of the Fourteenth Amendment, that the justice administered to an individual depend upon whether he is rich or poor. (*Griffin* v. *Illinois* (1956) 351 U.S. 12, 17 [100 L.Ed. 891, 898, 76 S.Ct. 585].) Although the United States Supreme Court has never held that states are required to establish avenues of appellate review, "once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts." (*Rinaldi* v. *Yeager* (1966) 384 U.S. 305, 310 [16 L.Ed.2d 577, 581, 86 S.Ct. 1497].)

The Supreme Court has repeatedly struck down barriers to providing "the indigent [with] as adequate and effective an appellate review as that given appellants with funds . . . ." (*Draper* v. *Washington* (1963) 372 U.S. 487, 496 [9 L.Ed.2d 899, 906, 83 S.Ct. 774].) Particularly, the court has held that it is the duty of the state to afford each indigent appellant a free transcript of the criminal proceedings against him (*Roberts* v. *LaVallee* (1967) 389 U.S. 40, 42 [19 L.Ed.2d 41, 43-44, 88 S.Ct. 194]) or some adequate alternative basis for appellate review. (*Eskridge* v. *Washington State Board* (1958) 357 U.S. 214, 216 [2 L.Ed.2d 1269, 1271, 78 S.Ct. 1061].) Most recently, this right to a free transcript or adequate substitute has been extended to indigent misdemeanor defendants. (*Williams* v. *Oklahoma City* (1969) 395 U.S. 458, 460 [23 L.Ed.2d 440, 442-443, 89 S.Ct. 1818].)

Although the adequacy of a given settled statement cannot be evaluated in the abstract, the United States Supreme Court has clearly indicated that the state must "show that a narrative statement or only a portion of the transcript would be adequate and available for appellate consideration of petitioners' contentions." (*Draper* v. *Washington, supra,* 372 U.S. 487, 498 [9 L.Ed.2d 899, 907].) Then, "on the basis of such a showing by the State," the trial court need only provide a settled statement or partial transcript. (372 U.S. at p. 498 [9 L.Ed.2d at p. 907].) The Supreme Court has thus clearly placed upon the state the burden of showing that there is an adequate substitute for a full transcript of the criminal trial from which petitioners wish to appeal. (See *Coppedge* v. *United States* (1962) 369 U.S. 438, 447-448 [8 L.Ed.2d 21, 29-30, 82 S.Ct. 917].)

The state clearly failed to discharge its burden of proof in the present case. Petitioners filed a motion in the trial court for preparation of a transcript at county expense detailing the portions of the proceedings required and the reasons these portions were necessary for the appeal.[1] At the hearing on the motion, only the petitioners' counsel appeared, although the prosecution had been duly notified. Consequently, the record in the municipal court lacks *any showing* that a settled statement would have adequately protected petitioners' substantial legal points on review. (See *In re Henderson* (1964) 61 Cal.2d 541, 543 [39 Cal.Rptr. 373, 393 P.2d 685].)

After the defendants requested designated portions of the transcript and explained why the partial transcript was necessary for appeal, the prosecution bore the burden of demonstrating that a settled statement would be adequate. The defendant's counsel told the court that he needed at least part of the transcript because he could not remember certain crucial portions of the proceedings. Similar claims of inability to reconstruct the testimony at trial have been held to entitle the defendant to a free transcript. (*Draper* v. *Washington, supra,* 372 U.S. 487, 492 [9 L.Ed.2d 899, 903-904]; *Preston* v. *Municipal Court* (1961) 188 Cal.App.2d 76, 86 [10 Cal.Rptr. 301]; see *Gardner* v. *California* (1969) 393 U.S. 367, 369-370 [21 L.Ed.2d 601, 603-604, 89 S.Ct. 580].) Perhaps the prosecution could have demonstrated the existence of some adequate alternative to a transcript, but the prosecution did not even appear at the hearing upon defendants' motion for a transcript.

The majority in essence seek to avoid the expenses of supplying transcripts to financially disadvantaged defendants by shifting the burden to already overburdened lawyers required to serve with little or no compensation. (See *Hardy* v. *United States* (1963) 375 U.S. 277, 290 [11 L.Ed.2d 331, 340, 84 S.Ct. 424] (concurring opn. of Goldberg, J.).)

I cannot join in this misallocation of the scarce resources of legal manpower available to indigent defendants. In the past few decades we have taken great steps toward insuring to the poor and underprivileged the same

---

[1] Petitioners requested a transcript of (1) all proceedings out of the presence of the jury, because their attorney did not possess adequate notes to reconstruct the issues raised, argued, and ruled upon; (2) all prosecution testimony, because petitioners challenge the sufficiency of the evidence and contend that the statute may not be constitutionally applied to their conduct; (3) closing arguments of counsel, because the prosecutor's argument contained prejudicial remarks; (4) the instructions, because the trial court exceeded the bounds of the written instructions submitted by the parties; and (5) the proceedings on motions for new trial, arrest of judgment, and sentencing, because petitioners must establish they preserved their points for appeal.

access to the law as that enjoyed by the affluent and established. If we now falter in this high endeavor we frustrate the rising expectation of the disadvantaged for equal justice under law; we undermine respect for the legal system.

Peters, J., concurred.