[Civ. No. 28309. First Dist., Div. Two. June 21, 1971.]

JONATHAN D. CLEVELAND, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE SAN FRANCISCO JUDICIAL
DISTRICT OF THE CITY AND COUNTY OF SAN FRANCISCO,
Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

---

---

**COUNSEL**

Gladstein, Leonard, Patsey & Andersen and Norman Leonard for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Jerome C. Utz, Deputy Attorneys General, for Defendant and Respondent and for Real Party in Interest and Respondent.

## OPINION

**KANE, J.**—Jonathan D. Cleveland appeals from a superior court judgment denying his petition for writ of mandate by which he sought to compel the preparation of a free reporter's transcript for use in appealing his convictions of misdemeanor offenses.

On July 23, 1969, appellant was convicted of four misdemeanor offenses arising from disturbances occurring at San Francisco State College in January of that year. Thereafter he filed a notice of appeal to the appellate department of the superior court. He also filed a statement on appeal in the municipal court pursuant to rule 184 of the California Rules of Court, wherein he declared his intention to move the court to order preparation of a free transcript of the trial proceedings. He then listed the following 11 grounds of appeal:

"1. That certain erroneous rulings were made by the Court which were prejudicial to the defense.

"2. That certain misconduct, prejudicial to the defense, occurred during the trial.

"3. That the evidence was insufficient to support the verdict.

"4. That Sections 404.6, 408, 409, and 415 of the Penal Code are unconstitutionally vague and indefinite.

"5. That Sections 404.6, 408, 409, and 415 of the Penal Code were unconstitutionally applied in this case.

"6. That the court should have granted defendant's motion for separate appointment of counsel and severance.

"7. That the defendant was denied effective representation by counsel.

"8. That the court should have granted defendant's motion for continuance based on excessive and prejudicial pretrial publicity.

"9. That the court erred in denying defendant's motion for a new trial.

"10. That the court erred in its instructions to the jury.

"11. That the court should not have denied the motion of the defendant to acquit."

Appellant next filed in the municipal court a notice of motion for preparation of a free transcript stating that said motion "will be made on the ground that a settled statement cannot serve as an adequate record on appeal in this action, and on the ground that the said defendant is indi-

gent." Attached to this notice were three declarations. In one, appellant declared he did not own any property and was unable to purchase a transcript. In the second, attorney Carole Ann Hughes declared that she was assisting appellant on appeal and that since she was not present at the trial and appellant's trial counsel "has refused to further cooperate . . . in preparation of the appeal . . . it would be impossible for me to even attempt to obtain a settled statement to serve as a record on appeal" and "a complete transcript of the trial is necessary. . . ."

In the third declaration, attorney Isidoor Bornstein declared that he represented three of appellant's codefendants at trial, that a "large number" of witnesses testified, some "for several hours," that a "large number" of items of evidence, "perhaps in excess of 100," including "certain photographic evidence," were admitted over defense objection, that on "numerous occasions" prosecution objections to defense witness testimony were erroneously sustained, that "Repeated" defense objections to prosecution witness testimony were erroneously overruled, that "many other" court rulings were erroneous, and that "a number of instances" of prosecution misconduct "may have" occurred. He further declared that the length and complexity of the trial and the large number of items of evidence and rulings caused him to be "unable at this time to pinpoint the objectionable portions of the testimony" and evidence, or "to remember these things with greater precision" and caused him to believe that "even an attempt at obtaining a settled statement to serve as a record on appeal would be impossible." He concluded by declaring that an appeal "could not be properly conducted without access to a full transcript of the trial."

The motion which was thereafter heard by the same municipal court judge who presided at appellant's jury trial was denied by a minute order dated September 4, 1969.

Next, appellant filed a petition for writ of mandate in the superior court, seeking to require the municipal court to order preparation of a free transcript for purposes of appeal. In this petition, appellant alleged that he had been tried before a jury with five other defendants and that their trial had lasted four weeks. Appellant further alleged that "A settled statement of the reporter's transcript cannot be prepared in a manner adequate to protect his [appellant's] rights on appeal" because as a result of the lengthy trial and numerous witnesses, items of evidence and instructions, appellant "cannot remember these proceedings with the precision necessary to safely proceed to prepare a settled statement"; that in the judgment of attorney Bornstein, "it would be impossible to arrive at a settled statement as an accurate basis for appeal from this lengthy trial"; and that in addition appellant is without funds to meet the cost of over

$2,000 needed to prepare a transcript. Attached to this petition were the declarations and notice of motion filed with the municipal court.

The response to the petition alleged that at the time of the municipal court hearing, "no attempt had been made to reach such a settled statement," that testimony had been elicited from appellant "from which the Court could have concluded that he was not in fact indigent," and that appellant "has refused and still refuses to make any effort to obtain a settled statement of facts," or to utilize the recollections or notes of the trial court judge, other defendants, or observers at the trial.

In his declaration, the prosecuting attorney declared that at the hearing on the motion in municipal court, the judge questioned appellant respecting his financial condition and indicated his willingness to assist in obtaining a settled statement by use of "copious notes" he had made during the trial. The prosecuting attorney also declared that attorney Bornstein had stated he was preparing a proposed settled statement on behalf of one of appellant's codefendants.

The petition for writ of mandate was denied on November 21, 1969, and the present appeal followed.

■ Defendant and respondent contend that appellant's failure to seek a settled statement of facts precludes him from being entitled to a free transcript on appeal. We agree. Appellant contends that the document filed in support of his motion for free transcript entitled him to one as a matter of law, or at least to an evidentiary hearing before the superior court, regardless of whether he neglected first to attempt to secure a settled statement. These contentions are untenable.

■ The California Supreme Court has recently upheld the requirement that an indigent misdemeanor defendant must attempt to agree to a settled statement before being entitled to a free transcript. (*Magezis* v. *Municipal Court* (1970) 3 Cal.3d 54, 58 [88 Cal.Rptr. 713, 473 P.2d 353].) ■ In the present case appellant has not met this simple requirement. In fact, as we have pointed out, the record affirmatively shows that appellant has not made any attempt whatsoever to agree upon a settled statement. ■ In addition to the requirement of first attempting to agree to a settled statement, the same court points out that: "It is not sufficient for indigent misdemeanor defendants to state in a general way that they need a transcript. . . . *The petitioning defendants must show in a reasonably particularized presentation the reasons why they cannot inform the reviewing court by a settled statement* of the claimed inadequacies and errors." (*Id.* Italics added.)

■ Here appellant merely complains of "certain" erroneous rulings

and "certain" misconduct, of insufficient evidence and ineffective representation, and of errors in instructions. No indication is provided by appellant as to what rulings or misconduct in particular were considered prejudicial, what aspect of the case was considered unsupported by evidence, what conduct or omissions of counsel were considered ineffective, or what instructions were considered erroneous or in what manner they were considered improper. The declaration of attorney Bornstein simply describes the trial as lengthy and complex and that the trial court ruled against the defense on various unspecified evidentiary matters.

Had errors occurred which were considered sufficiently prejudicial to warrant a reversal, they could, and should, have been specified with at least some particularity, despite the length and alleged complexity of the trial.

Here, the documents submitted in support of appellant's motion for a free transcript failed to apprise the municipal court even in a general manner about the nature of the errors claimed to have occurred. They are manifestly inadequate.

The asserted fact that appellant's trial court counsel refused to cooperate with substituted counsel could have been overcome through the simple legal process of requiring his presence at the hearing on appellant's motion affording the court the opportunity to compel his cooperation as an officer of the court. Moreover, the uncontradicted declaration in support of respondent's answer indicated that the trial court judge was willing to make his "copious" trial notes available for purposes of composing a settled statement.

In these circumstances, the failure to attempt to secure such a statement has not been adequately explained, and appellant's request for a free transcript was properly denied. (See *Herick* v. *Municipal Court* (1970) 8 Cal.App.3d 967, 973-975 [87 Cal.Rptr. 646].)

The judgment is affirmed.

Shoemaker, P. J., and Taylor, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 18, 1971.