MORTON WEISSMAN et al., Individually and on Behalf of All Present and Future Judges of Suffolk County District Court, Respondent-Appellants, v HERBERT EVANS, as Administrative Judge and Chief Administrator of the Courts of the State of New York, and as Representative of the Administrative Board of the Judicial Conference of the State of New York, et al., Appellants-Respondents, et al., Defendant.

Second Department, August 24, 1981

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Kenneth A. Thomas,*

*Jeffrey I. Slonim* and *George D. Zuckerman* of counsel), for appellants-respondents.

*Frederic Block, P. C.*, for respondents-appellants.

### OPINION OF THE COURT

*Per Curiam.*

■ Plaintiffs, Judges of the District Court, Suffolk County, seek, *inter alia*, a judgment declaring that they are entitled to a salary equal to that of the Nassau County District Court Judges. They allege that the current salary structure, under which they receive a salary somewhat below that of the Nassau County District Court Judges, amounts to a violation of their constitutional right to equal protection. The violation was alleged to have existed since April 1, 1977 and retroactive compensation is sought from that date. Special Term held that plaintiffs' constitutional rights would be violated as of October 1, 1980 in the absence of "a significant change of circumstances" by that date. We modify the judgment, on the law, and hold that these rights are violated only in the event that the salary disparity continues beyond April 1, 1982. As so modified, the judgment should be affirmed insofar as appealed from.

The Nassau County and Suffolk County District Courts are the only such courts in the State. The Nassau court was in existence prior to the establishment, in 1962, of the Suffolk County District Court (see NY Const, art VI, § 16; L 1962, ch 811). Prior to April 1, 1977, both courts were funded by their respective counties, the legislature of each being required to separately determine the respective court's annual financial needs (see NY Const, art VI, § 29, subd d).

On April 1, 1977 the Unified Court System went into effect with New York State providing funding of the courts (L 1976, ch 966; now Judiciary Law, § 39). On that date, the Suffolk County District Court Judges were earning $1,010 less than their Nassau counterparts.

The legislation placing the Nassau and Suffolk County District Court Judges on the State payroll provided that they "shall be entitled to the salaries * * * to which they

were entitled pursuant to any law or contract in effect immediately prior to the effective date hereof * * * until altered by state law". (Judiciary Law, § 39, subd 6, par [a].) Nonjudicial employees within the unified system were to be paid, effective April 1, 1977, in accordance with a uniform salary classification plan (Judiciary Law, § 39, subd 8). The State initially continued the judicial salaries which had been established by each county legislature. The State Legislature ultimately altered these salaries by establishing a salary schedule for the years 1978 through 1980 (L 1979, ch 55). The salary of the Nassau County District Court Judges was greater than that of plaintiffs by $1,081 in 1978, by $1,157 in 1979, and by $1,000 in 1980. As of October 1, 1980, each Suffolk County District Court Judge was to earn $49,000 per year whereas the Nassau Judges were to receive $50,000.

On December 1, 1979, subsequent to the commencement of this action, defendant Evans issued a report required of him in his capacity as Chief Administrator of the Courts, pursuant to section 4 of chapter 55 of the Laws of 1979. His legislative mandate was to "investigate whether unreasonable disparity exist[ed] in the compensation of judges of courts of the same rank in different parts of the state" and to make legislative recommendations to eliminate any such disparity by April 1, 1982.

In this report, Judge Evans reviewed the many salary differentials among Judges which the unified system inherited from the locally funded systems, including salary differences among Surrogates, City Court Judges, Family Court Judges, County Court Judges and District Court Judges.

He found that the salary disparity resulted from the former system of court funding by local government and that the continuation of this disparity in courts now funded by the State was not necessary, desirable or equitable.

Judge Evans made several recommendations to the Legislature aimed at eliminating the disparity in judicial salaries. These were to be in effect, as chapter 55 of the Laws of 1979 provided, no later than April 1, 1982. It was stated

that the most satisfactory solution to the problem would be for the Legislature to propose and submit to the People for approval a constitutional amendment to merge all county-level courts into the Supreme Court. Absent consolidation of the trial courts, amendments to the Judiciary Law which would equalize salaries of Judges of the same rank, including District Court Judges, were recommended.

Justice RUBENFELD's judgment was entered August 5, 1980, upon his decision dated May 21, 1980. Thereafter, the Legislature established a Temporary State Commission on Judicial Compensation "to examine, evaluate and make recommendations with respect to (a) the issue of parity of compensation between judges and justices in the unified court system, and (b) determining adequate levels of compensation for such judges and justices" (L 1980, ch 881, § 17). This commission is to make a final report of its findings, conclusions and recommendations, together with such legislative proposals deemed necessary to implement these recommendations, to the Governor and the Legislature not later than September 1, 1982. In the interim, the Legislature has provided for across-the-board judicial salary increases, effective January 1, 1981, and has continued the disparity in salaries between the Judges of the two District Courts (L 1980, ch 881, § 14).

In light of the foregoing, we agree with the conclusion at Special Term that this situation presents a potential violation of plaintiffs' right to the equal protection of the laws. The courts have the power to determine whether the Legislature, in enacting specific legislation, has exceeded its constitutional powers (see *Matter of Joint Legislative Committee to Investigate Educational System of State of N. Y. [Teachers Union of City of N. Y.]*, 285 NY 1, 8; *People ex rel. McDonald v Keeler*, 99 NY 463, 487). The failure of the Legislature to compensate Judges resulting in the denial of their right to the equal protection of the laws, cannot be deemed a matter within the range of legislative constitutional powers.

It has been stated that equal protection does not require territorial uniformity of law within a State (see *Matter of Rosenthal v Hartnett*, 36 NY2d 269; see, also, *Salsburg v*

*Maryland*, 346 US 545). However, a territorial distinction, without any rational basis, cannot withstand constitutional scrutiny (see *Manes v Goldin*, 400 F Supp 23, 29, affd 423 US 1068; *Richards v Townsend*, 303 F Supp 793, mod 444 F2d 528).

From plaintiffs' affidavits, Special Term properly determined that the functions, duties and responsibilities of Nassau and Suffolk County District Court Judges are identical, as are the jurisdiction, practice and procedure of the courts themselves. No reason was found for the salary disparity, other than the fact that the salaries had previously been fixed by the respective county legislatures; defendants did not controvert this fact. Historical justification for perpetuation of constitutionally infirm legislation is no justification at all (see *Brown v Board of Educ.*, 347 US 483, 492).

Special Term noted Judge Evans' recommendations, as well as the fact that good faith efforts to address the problem had been made and were being made. It stated that the three and one-half year period subsequent to April 1, 1977, when the court system was unified, would be a reasonable amount of time for the Legislature to have corrected the inequitable salary disparity, but that said disparity could not be justified beyond October 1, 1980 in the absence of any significant change of circumstances in the positions of the District Court Judges in the two counties.

■ While we agree with Justice RUBENFELD's finding of a potential constitutional violation, we do not concur as to the date when plaintiff's right to equal protection of the laws may be said to have been violated. There was no time for legislative action between August 5, 1980 (when Justice RUBENFELD's judgment was entered) and October 1, 1980, the deadline which he set for a legislative solution. We would defer, instead, to the Legislature's own original goal (as indicated in the 1979 legislation [L 1979, ch 55] discussed above), and require that the inequities in judicial compensation be remedied no later than April 1, 1982. The latter date affords the Legislature ample time to equalize judicial salaries. Insofar as Judge Evans, in his report to the Legislature, clearly delineated the problem and possible

solutions, we do not believe that the Legislature need await the temporary commission's findings before taking appropriate action.

Plaintiffs' constitutional right to equal protection of the laws will be violated if the salary disparity continues beyond April 1, 1982.

DAMIANI, J. P., GIBBONS, RABIN and O'CONNOR, JJ., concur.

Judgment of the Supreme Court, Westchester County, entered August 5, 1980, modified, on the law, by deleting from the first and third decretal paragraphs the date "October 1, 1980" and substituting the date "April 1, 1982". As so modified, judgment affirmed insofar as appealed from, with $50 costs and disbursements to plaintiffs.