58 Cal.App.3d 801 (1976)
130 Cal. Rptr. 253
In re DREXEL F., a Person Coming Under the Juvenile Law.
JAMES ROWLAND, as Chief Probation Officer, etc., Plaintiff and Respondent,
v.
DREXEL F., Defendant and Appellant.
Docket No. 2678.
Court of Appeals of California, Fifth District.
May 28, 1976.
*802 COUNSEL
Benjamin R. Winslow, under appointment by the Court of Appeal, for Defendant and Appellant.
Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Joel Carey and Robert D. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
FRANSON, J. 

STATEMENT OF THE CASE
A petition under Welfare and Institutions Code section 602 was filed in the juvenile court on May 15, 1975, alleging that appellant, age 17, had committed a battery and felonious assault on the persons of others.
At the jurisdictional hearing the referee found that appellant had committed an assault with force likely to produce great bodily injury in *803 violation of Penal Code section 245, subdivision (a), and that appellant was a person described in Welfare and Institutions Code section 602.
The report and recommendation of the probation officer recommended a Youth Authority commitment.
At the dispositional hearing, the referee found that appellant previously had been tried on probation and had failed to reform, and ordered appellant committed to the Youth Authority. Appellant was formally committed to the Youth Authority by a judge of the juvenile court.
An official court reporter was not present at either the jurisdictional or dispositional hearings before the referee.

DISCUSSION
Appellant contends that the order committing him to the Youth Authority must be reversed because of his inability to present an adequate record on appeal due to the lack of a court reporter at the jurisdictional hearing. He argues that the statutory scheme denying a minor the right to a reporter at hearings before a juvenile court referee as contrasted with hearings before the juvenile court judge constitutes a deprivation of due process and equal protection of the law. (1) Although we conclude that the judgment in the present case must be reversed because of the referee's failure to give appellant a written explanation of his right to a review of the referee's order before a judge of the juvenile court as required by Welfare and Institutions Code section 554, we find no merit in appellant's constitutional argument.
Welfare and Institutions Code section 677 provides in part that an official reporter shall report the proceedings at any juvenile court hearing conducted by a judge, but at any hearing conducted by a referee the proceedings may be reported "as directed by the court." If the proceedings before the referee are reported, the judge, the person on whose behalf the petition was brought, his parents or guardian or his attorney, may request that a transcript be prepared.
Welfare and Institutions Code section 558 provides in pertinent part: "At any time prior to the expiration of 10 days after service of a written copy of the order and findings of a referee, a minor or his parent or guardian may apply to the juvenile court for a rehearing. Such application may be directed to all or to any specified part of the order or *804 findings, and shall contain a statement of the reasons such rehearing is requested. If all of the proceedings before the referee have been taken down by an official reporter, the judge of the juvenile court may, after reading the transcript of such proceedings, grant or deny such application. If proceedings before the referee have not been taken down by an official reporter, such application shall be granted as of right." (Italics added.)
Assuming the minor is aware of his right to a rehearing before a judge  where a reporter is required to be present  his right to a transcript on appeal is protected. In this situation, if the minor should fail to request a rehearing, he will be deemed to have waived the right to complain of the lack of a transcript on any appeal from the findings and order of the referee.
However, an essential element of such a waiver is adequate notice to the minor of his right to a rehearing before the juvenile court judge. To this end, the Legislature enacted Welfare and Institutions Code section 554, which provides as follows: "A referee shall hear such cases as are assigned to him by the presiding judge of the juvenile court, with the same powers as a judge of the juvenile court. A referee shall promptly furnish to the presiding judge of the juvenile court and the minor, if the minor is 14 or more years of age or if younger has so requested, and shall serve upon the minor's attorney of record and the minor's parent or guardian or adult relative and the attorney of record for the minor's parent or guardian or adult relative a written copy of his findings and order and shall also furnish to the minor, if the minor is 14 or more years of age or if younger has so requested, and to the parent or guardian or adult relative, with the findings and order, a written explanation of the right of such persons to seek review of the order by the juvenile court. Service, as provided in this section, shall be by mail to the last known address of such persons or to the address designated by such persons appearing at the hearing before the referee." (Italics added.)
We construe the notice provisions of section 554 as mandatory. By such construction, the effectiveness of the review procedure is enhanced, the minor's right to a meaningful appeal from the final orders of the juvenile court is safeguarded, and the statutory scheme permitting *805 referees to conduct hearings without a court reporter is constitutionally sound.[1]
The record in the present case does not show that appellant, his attorney, or his parents were furnished a written explanation of appellant's right to seek review of the jurisdictional and dispositional orders of the referee. Without such notice appellant cannot be deemed to have waived his right to a rehearing before the judge.
The judgment is reversed.
Gargano, Acting P.J., and Goldstein, J.,[*] concurred.
NOTES
[1] While an appeal from a judgment of conviction is not a constitutional right, once appellate review is established, it must be free from any procedures which violate due process or equal protection of the law. (Griffin v. Illinois (1956) 351 U.S. 12 [100 L.Ed. 891, 76 S.Ct. 585, 55 A.L.R.2d 1055]  holding a deprivation of an indigent defendant's right to a transcript on appeal violated his right to due process and equal protection of the law.) By giving the minor adequate notice of his right to a rehearing before the judge, there is no basic unfairness or unlawful discrimination by the state against the minor which would support a due process or equal protection challenge.
[*] Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.