[Crim. No. 31966. Second Dist., Div. Four. Aug. 17, 1978.]

In re JAMES R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JAMES R., Defendant and Appellant.

## Counsel

Edward J. Roberts, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, James H. Kline and Jack T. Kerry, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**ALARCON, J.**—Appellant has appealed from the order of the juvenile court of October 27, 1977, committing him to the California Youth Authority.

Appellant's sole contention on appeal is that the failure of the Santa Barbara Superior Court to provide a court reporter at the adjudication proceedings held on petitions filed June 10, 1975, May 7, 1976, September 16, 1977, and October 11, 1977, constituted a violation of both due process and equal protection under the law. Appellant contends that a reporter's transcript of the various proceedings leading to his commitment is necessary "to show that confessions and admissions were not freely and voluntarily given, and in fact were coerced."

The clerk's transcript reveals that appellant admitted the allegations contained in each of the petitions. The same record also shows that appellant was advised in the presence of counsel of his right to a rehearing before a judge of the juvenile court of any matter heard by a referee of the juvenile court.

On February 27, 1978, counsel appointed by this court to prosecute this appeal filed a motion to augment the record on appeal with a reporter's transcript of the adjudication hearings held in connection with the petitions filed against appellant, apparently under the mistaken assumption that a reporter had been present at each proceeding. On March 1, 1978, this court ordered that a supplemental reporter's transcript be prepared of specified proceedings and transmitted to this court as part of the record on appeal.

On April 18, 1978, the clerk of the Superior Court of Santa Barbara advised this court that, in accordance with the procedure followed by the Superior Court of Santa Barbara as to all juvenile matters heard before a referee, no court reporter was present to record any of the proceedings in this matter.

On April 19, 1978, appellant filed a motion "to reverse and dismiss" on the ground that "such failure to record the proceedings and to make a record of the proceedings is an outright denial of due process of law preventing any kind of intelligent or effect [sic] appeal." This court denied appellant's motion without prejudice on May 10, 1978.

*Discussion*

Appellant argues that, since a free transcript must be provided to an indigent where such a record is necessary for an adequate and effective appellate review, we must reverse because of the failure of the trial court to have a reporter present at the proceedings held in this matter.

■ While it is true that where the proceedings were reported by a reporter, an indigent appellant must be provided with a free transcript, when the transcript is "necessary for an adequate and effective appellate review" (*In re Henderson* (1964) 61 Cal.2d 541, 543 [39 Cal.Rptr. 373, 393 P.2d 685]), there is no constitutional requirement that court proceedings be recorded by a reporter (see *March* v. *Municipal Court* (1972) 7 Cal.3d 422, 428 [102 Cal.Rptr. 597, 498 P.2d 437, 66 A.L.R.3d 945]).

The Constitution does prohibit denial to an indigent of as adequate and as effective appellate review as is available to an appellant with funds. (*Draper* v. *Washington* (1963) 372 U.S. 487, 496 [9 L.Ed.2d 899, 905-906, 83 S.Ct. 774].) ■ The procedure followed by the Santa Barbara Superior Court of not providing court reporters for matters heard by referees is authorized by Welfare and Institutions Code section 677. The rule is applied to rich or poor alike. Thus appellant's contention that he suffered a denial of equal protection is without merit. ■ Appellant was entitled to a rehearing within 10 days after the service of a written copy of the order and findings of the referee pursuant to Welfare and Institutions Code section 252. He was so advised by the referee as to each petition. The clerk's transcript shows that, on October 27, 1977 and on November 9, 1977, appellant was given notice as required by law. No claim has been made by appellant that he did not receive a written copy of the findings and order of the referee. Had he requested a rehearing, he would have been entitled to a rehearing as a matter of right because of the fact that the proceedings before the referee were not reported. (*In re Gregory M.* (1977) 68 Cal.App.3d 1085, 1092 [137 Cal.Rptr. 756].) Had he requested a rehearing, each matter would have been heard de novo and reported by an official court reporter pursuant to Welfare and Institutions Code section 677. Thus, contrary to appellant's contention, California provides each indigent juvenile a procedure by which he is entitled to a transcript of the proceedings to assist him in preparing his appeal. Appellant failed to exercise his right to rehearing. By so doing, he waived

his right to complain of the lack of a transcript on this appeal. (See *In re Drexel F.* (1976) 58 Cal.App.3d 801, 804 [130 Cal.Rptr. 253].)

The order is affirmed.

Files, P. J., and Kingsley, J., concurred.