[Civ. No. 20131. Third Dist. July 24, 1981.]

In re DARRELL P., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
DARRELL P., Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Ezra Hendon, Chief Assistant State Public Defender, and Augustus E. Noland, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Gregory W. Baugher, James Ching and Jana Tuton, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

REYNOSO, J.—We must decide a procedural issue of juvenile law based on our interpretation of a recent decision by our Supreme Court, *In re Winnetka V.* (1980) 28 Cal.3d 587 [169 Cal.Rptr. 713, 620 P.2d 163]. Is due process violated when a superior court, sitting as a juvenile court, exercises its statutory authority to order a rehearing, without first obtaining and reviewing a transcript of the testimony heard by the referee? Under the facts of this case, which we relate below, we conclude that the procedure used is constitutionally permissible.

Darrell P. appeals from an order of commitment to the California Youth Authority entered by the Superior Court of Yolo County, sitting as a juvenile court, after a rehearing of an order of a referee committing the minor to the Youth Authority but suspending the commitment and releasing him to the custody of his parents. Appellant argues that the trial court committed error of constitutional dimensions in ordering a rehearing without obtaining and reviewing a transcript of the testimony at the hearing before the referee. We reject this contention and affirm the order of commitment.

I

Appellant's legal difficulties began on July 14, 1978, when a juvenile petition was filed charging that he had committed one count of simple battery (Pen. Code, § 242), and one count of obstructing a police officer in the performance of his duties. (Pen. Code, § 148.) At a jurisdictional hearing appellant admitted the charge of battery and the allegation was sustained; the charge of obstruction was dismissed. The probation officer's report indicated that appellant had two prior contacts with sheriff's officers, neither of which resulted in a court referral. The report further indicated that appellant had difficulty in his relationship with his mother. At a dispositional hearing appellant was adjudged a ward of the court and placed in the custody of his grandmother.

On May 6, 1980, a supplemental petition was filed charging appellant with the petty theft of property belonging to Yolo County Social Services.[1] Appellant admitted the allegations and the supplemental petition was sustained. Another supplemental probation report revealed that appellant had been referred to the Yolo County Probation Department by Sacramento County due to his involvement in petty theft in that county. The probation officer placed appellant on a work program for two Saturdays and while performing this work at the Social Services Department in Woodland appellant committed theft from that office.

Appellant appeared before a referee for a dispositional hearing. While awaiting the dispositional hearing appellant had been accused of throwing a dirt clod into his school classroom and when confronted, became abusive toward his teacher, was referred to the principal, and finally suspended. It also appeared he had been arrested for driving without a license. The main focus of the hearing was upon the changed home arrangements of appellant's mother. It appeared in the supplemental probation report that appellant's natural father, William Foree, had begun dwelling in the home. In the first probation report it had been stated that appellant's natural father was a Mr. Atwell, now deceased. Appellant, who was adopted by Mr. P. at an early age, believed the deceased Mr. Atwell to be his natural father, and had since been told that Mr. Foree was his natural father. Mr. Foree had moved into the family home as a tenant. The probation report recommended commitment to the California Youth Authority.

Appellant testified that he had been trying to do well while at home awaiting disposition because he did not wish to be committed to the Youth Authority. Appellant's mother testified that while awaiting disposition appellant had been "pretty good." He had been good at keeping his curfew. She believed that appellant had been falsely accused of throwing dirt into his classroom, and became belligerent only upon being pressured. She believed that Mr. Foree's presence is a stabilizing factor. Mr. Foree testified that since he had been in the house appellant had shown some sense and quite a bit of improvement. He desired that appellant be allowed to live in the home and stated that he would provide guidance and control to the best of his ability.

---

[1] In September and October 1978, and in February 1979, appellant was the subject of a separate proceeding dealing with (1) the problem that appellant was beyond his mother's control; (2) unsuccessful placement in a group home and a boys' ranch; and (3) a charge of burglary.

The referee continued appellant as a ward of the court and committed him to the Youth Authority, but suspended the commitment and placed him in the custody of his parents, and ordered that he do community service work on five Saturdays.

The district attorney filed an application for a rehearing of the disposition order. Appellant moved to strike the application, contending the minor alone has the right to apply for a rehearing. The trial court held that while the district attorney did not have the right to move for a rehearing, the application served only to call the court's attention to the file, and that upon review: "Prima facie [the file] would not point toward returning the minor to his parents' home." The court ordered a rehearing on its own motion "... so that the court can in fact hear the testimony which was presented in open court."

A rehearing was held.[2] The probation officer testified that she had heard that appellant's relationship with his father was good at times and bad at times. She believed that Mr. Foree would be a positive influence and had been told that he was attempting to work with appellant, but she had no information that he had brought about a positive result. Appellant's mother testified that his conduct at home while awaiting disposition had been fair, not totally good and not totally bad. His school work had also been fair. She believed that appellant needed help, but did not feel that commitment to the Youth Authority was the answer.

On September 2, 1980, the trial court issued a ruling committing appellant to the Youth Authority. The court explained its reasoning, and concluded that continued home placement was not appropriate. On September 15, 1980, a petition was filed charging that appellant committed an act of simple battery (Pen. Code, § 242), on September 9, 1980. The district attorney agreed to dismiss this petition on condition that appellant be taken by the Youth Authority within seven days. Appellant was subsequently delivered to the custody of the Youth Authority and the petition was dismissed.

Appellant appeals from his commitment to the Youth Authority by the trial court on rehearing of the dispositional order of the referee.

---

[2]Appellant petitioned this court for a writ of prohibition to restrain the trial court from rehearing the dispositional order.

## II

*In re Winnetka V., supra,* guides our discussion and conclusion. Welfare and Institutions Code section 252 provides for a procedure whereby a minor or his parent or guardian may apply to the juvenile court for a rehearing of the decision of a referee. Welfare and Institutions Code section 253 provides: "A judge of the juvenile court may, on his own motion made within 20 judicial days of the hearing before a referee, order a rehearing of any matter heard before a referee." There is no provision in the code for an application for a rehearing by the People.

In the trial court appellant objected to the order of a rehearing on the grounds that the People requested a rehearing and that the order could not be considered on the court's own motion for that reason. The court held that the People have no right to apply for a rehearing, but the mere fact that a communication from the People to the trial court may precede or even prompt an order for a rehearing on the court's own motion does not render the order invalid. (*In re Winnetka V., supra,* 28 Cal.3d at pp. 592-593.) The trial court's order made it clear that the court was aware that the People had no right to apply for a rehearing and that the court did not treat the People's application as anything more than an informal communication. The "application" of the People thus did not render the order for a rehearing invalid.

### A. *The Procedural Requirements*

*In Winnetka V., supra,* the court considered the procedural requirements to be followed when an informal request for a rehearing is received from the People. The court did not prescribe a full or formal hearing, but rather held that the court may not order a rehearing on its own motion after receiving a communication from the People until the minor has been notified of the request, supplied with a copy (including exhibits and other attachments), given access to all materials brought to the court's attention that are not already in the record, advised that he may reply in writing, and accorded a reasonable opportunity to do so. (28 Cal.3d at p. 595.)

The trial court ordered the rehearing more than six months before the Supreme Court issued its decision in *In re Winnetka V., supra;* however, the trial court's reasoning anticipated the holding of that case. The court noted that the People have no right to apply for a rehearing, and considered the "application" only as an informal request. The important consideration in such a request is that the People avoid ex parte

contacts with the court and that the minor have notice of the request and an opportunity to respond. These requirements were met in the case at bench. The district attorney gave notice to the minor of his "application" for a rehearing, and the minor in fact responded in writing. The procedure followed by the trial court herein was in substantial compliance with the requirements set forth by the Supreme Court in *Winnetka V.*

The request for a rehearing by the People in this case differed significantly from the request by the People in *Winnetka V.* There, the letter from the district attorney to the trial court was written in a tone of advocacy, contained several factual inaccuracies, and falsely represented the referee's reasoning and conclusions. (28 Cal.3d at p. 594, fn. 7.) The minor had no opportunity to respond or to rebut the inaccuracies, since she was not even provided a copy of the request. (*Id.*, at p. 596.) The Supreme Court concluded that in view of the fact the inaccurate and unchallenged letter had its intended effect the failure to follow the procedures laid down in that case resulted in prejudice to the minor. (*Ibid.*) In the case at bench the request by the People contained no factual statements, made no argument, and cited no authorities other than Welfare and Institutions Code section 253 which gives the trial court the power to order a rehearing on its own motion. The request simply invited the court to review the record to determine whether to order a rehearing on its own motion.

Since the request from the People contained no factual statements or argument intended to influence the court's decision and appellant had notice and the opportunity to respond to the request, we can perceive no prejudicial error as described in *In re Winnetka V., supra.* (Cf. *In re Jonathan S.* (1979) 88 Cal.App.3d 468, 471-472 [151 Cal.Rptr. 810].)

B. *The Transcript*

■ Appellant's contention, however, is that the trial court erred in ordering a rehearing without first obtaining and reviewing a transcript of the testimony given in the hearing before the referee. Although the request for a rehearing from the district attorney asked the court to review the transcript of the hearing, it does not appear whether the court did so. Welfare and Institutions Code section 252 provides that when a minor or his parent or guardian applies for a rehearing, the trial court may grant or deny the request after reading the transcript of the proceedings, but that if the proceedings are not reported then the rehearing

must be granted as a matter of right. Welfare and Institutions Code section 253, which provides for the ordering of a rehearing on the court's own motion, does not provide that the court must or should read the transcript of the proceedings before a referee. Despite the lack of a statutory requirement that the trial court obtain and read a transcript of the testimony before the referee before ordering a rehearing of the matter heard, appellant contends that procedural due process requires that it do so.

The predecessor to section 252 was section 558, which was substantially identical to section 252 except that it provided that if a request for a rehearing was not acted upon by the court it would be deemed denied. In *In re Edgar M.* (1975) 14 Cal.3d 727 [122 Cal.Rptr. 574, 537 P.2d 406], the Supreme Court considered this provision of section 558. The court held that it would be unconstitutional to deny a rehearing before a judge by operation of law rather than by affirmative judicial act, because a referee is limited to subordinate judicial duties under the California Constitution, article VI, section 22. (14 Cal.3d at p. 732.) In order to cure the defect in the statute the court held that a rehearing must be deemed granted if the application is not acted upon affirmatively by the trial court. (At p. 737.)

The reasoning of *Edgar M.* was relied upon and extended in *In re Damon C.* (1976) 16 Cal.3d 493 [128 Cal.Rptr. 172, 546 P.2d 676]. In that case the minor had applied for a rehearing and in considering the request the trial court read the transcripts of the testimony before the referee, but did not have before him the transcripts of the argument of counsel. The Supreme Court held the denial of a rehearing under such circumstances to be erroneous. A referee's findings and orders are advisory only and before the court may deny a rehearing, thus adopting the referee's decision, it must consider the entire proceeding, including the arguments of counsel. (At pp. 496-497.)

The basis of the decisions in *Edgar M.*, and *Damon C.*, is the principle that a referee is not a judge and may not exercise judicial duties. The referee's decision is not binding upon the minor unless he accepts that decision by failing to request a rehearing. Upon a request for a rehearing the minor is absolutely entitled to a hearing de novo before a judge unless the court affirmatively exercises judicial power by adopting the decision of the referee as its own. The court cannot exercise such judicial power, however, without consideration of the entire record before the referee; thus, where the court fails to consider the entire

record or the record is not available the minor is absolutely entitled to a rehearing before a judge. To hold otherwise would be to raise the function of a referee to the performance of judicial duties, which is constitutionally and statutorily prohibited.

The same consideration does not apply, we stress, to a situation in which a court orders a rehearing of a decision of a referee. In such a situation that minor is entitled to a hearing de novo before a judge and to the exercise of judicial duties by that judge. (Welf. & Inst. Code, § 254.) The referee's decision is not raised to the level of a judicial decision, but is rather disregarded in favor of an independent judicial determination by a person empowered to perform such functions. Thus, the reasoning of *Edgar M.* and *Damon C.* does not apply.

We have noted that the Welfare and Institutions Code does not require the juvenile court judge to obtain and read a copy of the reporter's transcript before ordering a rehearing on its own motion. (Welf. & Inst. Code, § 253.) We decline to hold that due process requires that the court do so. A hearing before a referee is not required to be transcribed. (Welf. & Inst. Code, § 347.) This procedure has been upheld against constitutional attack. (*In re James R.* (1978) 83 Cal. App.3d 977, 980 [148 Cal.Rptr. 145]; *In re Drexel F.* (1976) 58 Cal. App.3d 801, 804-805 [130 Cal.Rptr. 253].) To accept appellant's argument would be to place it beyond the court's power to grant a rehearing when no transcript is available, a procedure which is neither recognized or permitted by the code. Moreover, such a holding would elevate the duties of a referee to the performance of true judicial duties, which is not permitted under the Constitution.

In *In re Winnetka V., supra,* 28 Cal.3d 587, the Supreme Court did not prescribe a full or formal hearing before a trial court may order a rehearing on its own motion. (At p. 595.) The minor is entitled to respond to any informal request of the People for a rehearing on the court's motion, and in response thereto the minor may request that the court review all or a portion of the oral testimony given before the referee. In such circumstances the court, the minor, or his parent or guardian may request that the reporter transcribe all or a portion of the hearing before the referee for review by the trial court. (Welf. & Inst. Code, § 247.) We decline to hold, however, that in the absence of a request by the minor the court must order the transcription of the hearing before ordering a rehearing.

The judgment (order of commitment) is affirmed.

Puglia, P. J., and Carr, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 14, 1981. Mosk, J., was of the opinion that the petition should be granted.