[No. D002407. Fourth Dist., Div. One. May 2, 1985.]

JOHN WALTZ, Petitioner, v.
ROBERT D. ZUMWALT, as County Clerk, etc., Respondent;
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES,
Real Party in Interest.

**COUNSEL**

Sharron Voorhees, under appointment by the Court of Appeal, for Petitioner.

Lloyd M. Harmon, Jr., County Counsel, Howard P. Brody, Chief Deputy County Counsel, and Thomas E. Montgomery, Deputy County Counsel, for Respondent and for Real Party in Interest.

**OPINION**

**BROWN (Gerald), P. J.**—John Waltz wants to appeal the imposition of a conservatorship and his confinement in a county mental health facility. We determined he is indigent and we appointed appellate counsel for him. The county clerk, however, refused to prepare and certify the record until Waltz paid $634 (Cal. Rules of Court, rule 5(c)). Waltz told the clerk by letter he would present a forma pauperis to the court to get the fee waived. The clerk refused to give him the time to make his request by not extending the time for fees to be deposited and instead entered a default.[1]

Waltz petitioned this court for a writ of mandate. He claims a public conservatorship proceeding is criminal in nature and he is entitled to free transcripts as well as appointed counsel. Recognizing Waltz is representative of a class of persons similarly situated, we issued an alternative writ. After further briefing and argument, we issue the peremptory writ.

The clerk's contentions assume proceedings under the Lanterman-Petris-Short Act are civil in nature and any appeal must follow the rules for civil appeals. In civil appeals, costs must be deposited in advance or waived by

---

[1]Waltz was foreclosed by the clerk's entry of default from seeking relief in superior court. Thus, the court is not joined as a party in these proceedings.

the court (Cal. Rules of Court, rule 4(c)). Waltz wanted to request a waiver of costs but was foreclosed by the clerk's entering the default. The clerk argues the superior court cannot authorize a waiver of fees and this court cannot order the superior court directly to provide a free transcript; although we might under ordinary circumstances order the superior court to waive fees, we cannot do so here, says the clerk, because the superior court has not been joined as an indispensable party (Code Civ. Proc., § 389).

In addition, the clerk argues if this court were to order free transcripts be prepared, we would have no authority to order payment for their preparation since only the Legislature can authorize the expenditure of public funds for indigent civil litigants (*Payne* v. *Superior Court* (1976) 17 Cal.3d 908, 920 [132 Cal.Rptr. 405, 553 P.2d 565]). The fact the Legislature provides payment by the county for transcript costs in criminal cases (Pen. Code, § 1246.5) and fails to do so for proceedings under the Lanterman-Petris-Short Act (Welf. & Inst. Code, § 5000 et seq.) shows the intent of the Legislature that these costs not be borne by the county. Counsel have in some civil cases been appointed for indigent litigants even after the court found the county could not pay them because attorneys have a professional responsibility to accept "the cause of the defenseless or the oppressed" (Bus. & Prof. Code, § 6068, subd. (h)). Court reporters are not subject to such legislation and cannot be required to absorb the cost of preparing free transcripts for the indigent.

Although proceedings under the Lanterman-Petris-Short Act are civil in nature (see Welf. & Inst. Code, § 5118), Waltz, or any person similarly situated, may be involuntarily committed to a mental hospital. If he is found to be "gravely disabled" (Welf. & Inst. Code, §§ 5352.1, 5353), this confinement may continue for a year with the possibility of additional year-long extensions (Welf. & Inst. Code, §§ 5358, 5361), perhaps for the rest of his life. Persons confined in mental hospitals are deprived of their personal freedom (*In re Roger S.* (1977) 19 Cal.3d 921, 929 [141 Cal.Rptr. 298, 569 P.2d 1286]; *People* v. *Burnick* (1975) 14 Cal.3d 306, 323 [121 Cal.Rptr. 488, 535 P.2d 352]; see *People* v. *Olivas* (1976) 17 Cal.3d 236, 244-245 [131 Cal.Rptr. 55, 551 P.2d 375]). It is no less incarceration because it is called civil or because it is deemed to be remedial or beneficial (*Conservatorship of Roulet* (1979) 23 Cal.3d 219, 225 [152 Cal.Rptr. 425, 590 P.2d 1]; see *Ramona R.* v. *Superior Court* (1985) 37 Cal.3d 802, 811 [210 Cal.Rptr. 204, 693 P.2d 789]). Because of the potential for loss of liberty and the social stigma associated with such commitments, a jury determining whether a person is gravely disabled must consist of 12 jurors and arrive at a unanimous verdict (*Conservatorship of Roulet, supra,* 23 Cal.3d at p. 230). The standard of proof at such a hearing is that of beyond

a reasonable doubt (*People* v. *Thomas* (1977) 19 Cal.3d 630, 638 [139 Cal.Rptr. 594, 566 P.2d 228]).

In *Griffin* v. *Illinois* (1956) 351 U.S. 12 [100 L.Ed. 891, 76 S.Ct. 585, 55 A.L.R.2d 1055] the United States Supreme Court held "a State may not grant appellate review in such a way as to discriminate against some convicted defendants on account of their poverty. There, as in *Draper* v. *Washington* [(1963) 372 U.S.] 487 [9 L.Ed.2d 899, 83 S.Ct. 774], the right to a free transcript on appeal was in issue. [In *Douglas* v. *California*] the issue is whether . . . an indigent shall be denied the assistance of counsel on appeal. In either case the evil is the same: discrimination against the indigent. For there can be no equal justice where the kind of an appeal a man enjoys 'depends on the amount of money he has.' *Griffin* v. *Illinois, supra,* [351 U.S.] at p. 19." (*Douglas* v. *California* (1963) 372 U.S. 353, 355 [9 L.Ed.2d 811, 813-814, 83 S.Ct. 814, 815-816].)

Against this criminal law background, it is not surprising Waltz received the benefit of appointed trial counsel (Welf. & Inst. Code, § 5111; Gov. Code, § 27706; Pen. Code, § 1240). This court appoints counsel for indigent persons wishing to appeal grave disability proceedings under the Lanterman-Petris-Short Act (Gov. Code, § 15421). Common sense dictates appointed appellate counsel cannot act on Waltz's behalf without a transcript of the trial proceedings. Waltz's constitutional right to effective counsel includes the right to reasonably necessary ancillary services (*Corenevsky* v. *Superior Court* (1984) 36 Cal.3d 307, 319-320 [204 Cal.Rptr. 165, 682 P.2d 360]). Indigent persons appealing grave disability proceedings must be provided with the necessary record for appeal free of charge.

Welfare and Institutions Code section 5305, concerning postcertification proceedings for imminently dangerous persons, provides for constitutional due process guarantees as set out in California Constitution, article I, section 15. That constitutional section relates to various safeguards in criminal proceedings such as speedy trial and assistance of counsel. It has been held to apply to proceedings for the gravely disabled as well, at least as to the requirement of a unanimous jury.[2] In addition, it states no person may be deprived of his liberty without due process of law. Due process includes the right to a complete and adequate record on appeal. Waltz is in danger of losing his liberty. To deny him a record is to deny him access to the courts at a time when the state is prepared to confine him involuntarily. To threaten to do so is a threat to violate Waltz's rights to due process and

---

[2]The proposed conservatee does not, however, have the right not to testify nor may he assert the defense of double jeopardy in instances where a petition to reestablish the conservator can be filed. (*Conservatorship of Baber* (1984) 153 Cal.App.3d 542, 550 [200 Cal.Rptr. 262].)

equal protection (see *In re James R.* (1978) 83 Cal.App.3d 977, 980 [148 Cal.Rptr. 145]; *In re Armstrong* (1981) 126 Cal.App.3d 565, 570 [178 Cal.Rptr. 902]). He is entitled to a complete transcript of the proceedings free of cost.

Closely aligned with the concept of due process is that of equal protection. Waltz is unable to have appellate review of the court's determination to deprive him of his freedom because he lacks the funds to have a proper transcript prepared. Where one's liberty is at stake application of the strict scrutiny test is required. It then becomes the government's burden to justify the procedure by showing it has a compelling interest which is furthered by the procedure in question. Since Waltz did not present the argument of equal protection, the county has, quite properly, not attempted to justify its practice. However, in light of the potential of keeping Waltz in custody involuntarily for the remainder of his life, this court is unable to discern any possible state interest in not providing a transcript to counterbalance Waltz's position. At the court's request, the county provided information from 1981 to the present on appeals of mental health proceedings. These data show there were less than five requests for transcripts per year at a total cost of less than $1,000 per year. Equal protection demands that Waltz be provided a free transcript.

The county suggests if Waltz is entitled to a free record, it should be under the conditions set out in *Crespo* v. *Superior Court* (1974) 41 Cal.App.3d 115, 119-120 [115 Cal.Rptr. 681] where the superior court was instructed to determine whether a complete or partial transcript was necessary or whether a settled statement would suffice. However, *Crespo* is a case where free transcripts on appeal were granted to indigent parents seeking custody of their children. Here, we deal with persons threatened with loss of liberty and exposure to social stigma, persons similarly situated to defendants in criminal matters. As such, they must be granted the same benefits as if the proceedings were truly criminal.

Let a peremptory writ of mandate issue directing the county clerk to vacate its notice of default. In that petitioner has been found indigent by this court and counsel has been appointed, the county is ordered to prepare a record for appeal, the expense to be borne by the county.

Wiener, J., and Work, J., concurred.