Filed 4/17/26

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>C.F.,<br><br>        Defendant and Appellant. | A174372<br><br>(Napa County<br>Super. Ct. No. 25PR000108) |

Defendant C.F. appeals from a trial court order granting plaintiff Department of State Hospitals' (Department) petition for renewal of an order authorizing the treatment of C.F. with antipsychotic medication. At the evidentiary hearing on the petition, there was no court reporter because C.F.'s trial counsel did not request one even though the court would have provided a reporter free of charge if counsel had done so. Lacking a reporter's transcript, C.F. applied for a settled statement but the court denied his application. On appeal, C.F. contends that the order granting the petition should be reversed because he received ineffective assistance of counsel. We agree and reverse. Because it is too late for C.F. to get a settled statement before that order expires, we remand for a new hearing.

## BACKGROUND

C.F. was admitted to Napa State Hospital after being found not guilty by reason of insanity (Pen. Code, § 1026). Pursuant to a court order, the Department began treating C.F. with antipsychotic medication.

1

On May 21, 2025, the Department filed a verified petition to renew the "order authorizing treatment with antipsychotic medication for" C.F. (Petition). The trial court appointed counsel for C.F. and held an evidentiary hearing on the Petition on June 25, 2025.

C.F.'s trial counsel did not request a court reporter before the hearing even though he could have obtained one free of charge under the trial court's local rules by completing and submitting a one-page form.[1] As a result, there was no court reporter at the hearing. C.F. also refused to appear, and his counsel waived his appearance. According to the minute order, C.F.'s counsel orally objected "to the hearing not being recorded" and moved to have the hearing "recorded." The court overruled the objection and denied the motion "without prejudice." The court further "indicate[d] that the matter of recording the hearings would need to be fully briefed to be reconsidered."

The trial court then proceeded with the hearing without a court reporter or recording. The Department called one witness, Dr. Raman Sharma. The parties stipulated that Dr. Sharma was "an expert in the field of [p]sychiatry," and she testified for about 13 minutes. The record does not include the substance of her testimony. C.F. called no witnesses. After the close of evidence, the court granted the Petition, finding "by clear and convincing evidence that [C.F.] lacks capacity to refuse treatment." It then ordered that C.F. "be involuntarily administered antipsychotic medication by

---

[1] We grant the Department's unopposed Motion for Judicial Notice and take judicial notice of the court's reporting services rule and form for requesting a court reporter. We also grant C.F.'s unopposed Motion to Augment and Correct the Record—which seeks to augment the record with four documents filed in the trial court relating to his Application for Permission to Prepare Settled Statement (Application). Finally, we deny C.F.'s motion to strike certain factual findings in the order denying the Application. In doing so, we express no opinion as to the propriety or validity of those findings.

the" Department "for the period-of-time not to exceed one year from" June 25, 2025.  C.F. timely appealed.

On December 8, 2025, C.F. filed the Application.  The Department opposed, arguing that C.F. waived his right to a settled statement.  The court agreed and denied the Application.  Because C.F. "did not avail himself of . . . a no-cost court reporter or time to present briefing in support of his request that the [c]ourt record electronically despite the statutory prohibition," the court found that C.F. "waived his right to have a . . . reported record of the proceeding."

## DISCUSSION

Defendants like C.F. who are found not guilty by reason of insanity have a "constitutional right . . . to refuse antipsychotic medication." (*In re Greenshields* (2014) 227 Cal.App.4th 1284, 1287; see also *In re Qawi* (2004) 32 Cal.4th 1, 14–15 [a competent adult has "the right to refuse antipsychotic drugs" under the state constitution and common law].)  They are therefore "entitled to a hearing in the trial court to determine whether" they are "incompetent to refuse treatment or dangerous within the meaning of Welfare and Institutions Code section 5300." (*In re Greenshields*, at p. 1293.)  They are also entitled to an appellate record that permits meaningful review. (See *Waltz v. Zumwalt* (1985) 167 Cal.App.3d 835, 838 ["Due process includes the right to a complete and adequate record on appeal"]; cf. *People v. Young* (2005) 34 Cal.4th 1149, 1170 ["A criminal defendant is entitled under the Eighth and Fourteenth Amendments to an appellate record that is adequate to permit meaningful review"].)  Finally, they are entitled to effective counsel. (See *Department of Corrections v. Office of Administrative Hearings* (1997) 53 Cal.App.4th 780, 790 [the right to refuse medical treatment "is rendered meaningless if a person cannot . . . *through competent assistance of counsel*

3

. . . challenge a psychiatric determination that he or she is incompetent to refuse antipsychotic medication," italics added].) The People do not dispute that C.F. is entitled to all of these rights.

C.F. now contends that his trial counsel was ineffective because counsel did not request a no-cost court reporter as provided by the trial court's local rules and thereby deprived him of meaningful appellate review. We agree.[2]

"A claim of ineffective assistance of counsel requires a showing (1) of performance that was deficient, and (2) prejudice resulting from such deficient performance. [Citation.] The first element 'requires a showing that "counsel's representation fell below an objective standard of reasonableness." [Citations.]' . . . '[I]f the record does not shed light on why counsel acted or failed to act in the challenged manner, we must reject the claim on appeal unless counsel was asked for and failed to provide a satisfactory explanation, or there simply can be no satisfactory explanation.' [Citation.] The 'prejudice' element requires a showing 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been more favorable to [the] defendant, i.e., a probability sufficient to undermine confidence in the outcome.' [Citation.] The burden of establishing ineffective assistance is upon the party claiming it." (*People v. Roberts* (2011) 195 Cal.App.4th 1106, 1129.)

---

[2] Because we reverse solely on the grounds of ineffective assistance of counsel, we do not address whether the trial court erred by denying the Application or by failing to ensure "a verbatim record of the" hearing. We note that our high court has granted review of *Family Violence Appellate Project v. Superior Court* (order to show cause issued Feb. 19, 2025, S288176) to determine whether the electronic recording of certain proceedings is permitted when an official court reporter is unavailable and a litigant cannot afford to pay a private court reporter.

Here, there is no satisfactory explanation for the failure of C.F.'s trial counsel to request a no-cost court reporter for the hearing. "When counsel has reason to anticipate that what is said at a hearing may be pertinent to a subsequent appeal he has a duty to insure that a court reporter is present." (*In re Christina P.* (1985) 175 Cal.App.3d 115, 129.) And where, as here, "the matter is as grave as" as the involuntary administration of antipsychotic medication and the defendant is "entitled to a free transcript and a free lawyer on appeal, there is no conceivable rational tactical purpose for trial counsel's failure to insure the attendance of a court reporter." (*Id*. at p. 130.) Indeed, the People offer none.

The failure of C.F.'s trial counsel to request a court reporter is also prejudicial because it was "tantamount to a waiver of the right to appeal." (*In re Christina P.*, *supra*, 175 Cal.App.3d at p.129.) As our high court has explained, "the absence of a court reporter at trial court proceedings and the resulting lack of a verbatim record of such proceedings will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608.) This is undoubtedly so here because the hearing provided the sole evidentiary basis for the granting of the Petition and because the trial court denied C.F.'s request for a settled statement.[3]

Accordingly, we reverse the trial court's order granting the Petition. We also order a new trial as requested by C.F. even though we could, in theory, order the court to prepare a settled statement on remand. (See *People v. Cervantes* (2007) 150 Cal.App.4th 1117, 1123 [remanding for preparation of a new settled statement because there was no court reporter and because the

---

[3] Because the People opposed C.F.'s request, he presumably could not have obtained an agreed statement. (See Cal. Rules of Court, rule 8.344.)

original statement was inadequate].) If "a settled statement cannot be drafted which will afford an adequate basis for appellate review, the defendant is entitled to a new trial as a matter of due process." (*People v. Jenkins* (1976) 55 Cal.App.3d. Supp. 55, 61.) Here, the order granting the Petition expires on June 25, 2026—in less than three months. Because the remittitur in this case will issue no earlier than mid- to late May, as a practical matter, there is no way for the court to prepare a settled statement in time for us to review that order before it expires. Under these circumstances, C.F. is entitled to a new hearing. Recognizing that the Department may wish to renew the medication authorization order after June 25, 2026, we note that the new hearing we order here may be combined with the hearing on any petition to renew that order.

## DISPOSITION

The June 25, 2025 order granting the Petition is reversed. The matter is remanded for a new hearing.

CHOU, J.

WE CONCUR.

JACKSON, P. J.
SIMONS, J.

A174372/ *P. v. C.F.*

6

*People v. C.F.* (A174372)

Trial Court:        Superior Court of the County of Napa

Trial Judge:       Joseph Solga

Counsel:           First District Appellate Project, Jonathan Soglin and
Megan Hailey-Dunsheath, under appointment by the Court
of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Cheryl L. Feiner, Senior
Assistant Attorney General, Benjamin G. Diehl and Nicolas
P. Rossenblum, Deputy Attorneys General, for Plaintiff and
Respondent.